No. 2642. STATE *v.* LITTLEJOHN. April Term, 1890. The defendant was indicted for murder and convicted of manslaughter. The trial judge (Aldrich) charged the jury *inter alia,*

"It is the twelve jury who hear the case who must be satisfied in their own minds that the defence is reasonable, is true. Are you satisfied that the prisoner at the bar killed the deceased to prevent serious bodily harm? To save his life, or to prevent serious bodily harm?"

"You compare the evidence of all the witnesses, one with the other, and see if there are any contradictions, see if there is any reason why you should come to the conclusion that the witness is not to be relied on. If you come to that conclusion, why, of course, you will not give any weight at all to his testimony, because the rule of law is 'that where a witness is false in one particular, he is false in all.'"

"The prisoner at the bar came upon the stand prepared to make that defence. He says promptly that he struck the deceased because he was afraid he was going to be killed himself: that the deceased had a rock in his hand, and he struck him to save his own life. Now, you will inquire about this striking. Did the deceased throw a rock at the prisoner at the bar and knock him down? He says he did."

"It was proved that he said it in the store and you are to be satisfied in your own minds as to what purpose he had in view when he bought that knife. Was it with a view to inflict injury upon the deceased ? If so, there is malice, there is the preparation which would imply malice. If he bought it for the purpose, you would naturally come to the conclusion that he had malice in his heart when he bought the knife."

"Is the prisoner at the bar, who says that he stabbed the deceased to the heart and killed him, guilty of murder ?"

"Did he stab this man to the heart in sudden heat and passion ?"

"Did he use his knife and stab the deceased to the heart to protect his own life, or to protect his own person from serious injury ?" *Held :*

1. The charge did not incorrectly charge the law of self-defence, it having been left "to the jury to say whether from the facts as proved there was a necessity for the prisoner to take the life of the deceased, of which necessity the jury was to judge and not the prisoner alone. In other words, whether the menace to life or limb was so threatening and serious as to demand the taking of the life of the deceased. This we think was in accordance with the settled law of self-defence in this State. *State* v. *McGreer*, 13 S. C., 466."

2. The charge did not violate article IV., section 26, of the Constitution, which inhibits judges from charging the jury on the facts. The court say: "We see no distinct, or even inferential, intimation of his honor's opinion either as to the guilt or innocence of the accused, the credibility of any witness, or the force and effect of any of the testimony. In a portion of the charge, where his honor instructed the jury that they should compare the witnesses one with the other, to see if there were any contradictions, and to see whether the witness was unreliable, in which event his testimony should have no weight, he concluded by saying, in that connection : 'Because the rule of law is that, where a witness is false in one particular, he is false in all.' And this is made a ground of exception. If this proposition had been laid down by his honor as a separate and distinct rule, by which the jury was to test the reliability of the witness, and with instructions that, in case the witness was found false in one particular, his testimony, as matter of law, was to be rejected in all

other particulars, it would have been error. But we do not understand that this proposition was charged in that way. The charge was that, if the witness was found unreliable—that is, if no confidence whatever could be put in his statements—then no weight should be given to any of his testimony. There was no legal error in this, while the reason he gave for this charge, to wit, that it was a rule of law (repeating the maxim, 'false in one, false in all'), might have been erroneous. But, although this was erroneous, we see no reason for a reversal of the judgment below on that account, as we think it was an immaterial error in this case."

Judgment affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, June 13, 1890. *Johnson & Burnett*, for appellant. *Mr. Schumpert*, solicitor, contra.