No. 3047.—STATE *v.* VINCENT BAYONNE *alias* SARAGODAS and PEDRO ABRIEL.

In an indictment for murder the accused is charged with killing and murdering one Ambrosio whose first name is unknown. The jury found a verdict of guilty, and the accused pleaded in arrest of judgment, that the indictment was void for uncertainty, in not giving the first name of the deceased; that the description by name of the person killed is repugnant, because Ambrosio in French or Spanish, in Latin Ambrosius, in English Ambrose, are first names. Held—That a description of the deceased by the first or second name is sufficient, if the fact be stated that the other name is not known; that the indictment is not void because the first name of the person killed is not given.

A bill of exceptions was also taken to the ruling of the judge a quo, in reference to the testimony of an accomplice, as follows: The judge charged the jury that the witness, charged as an accomplice, was as any other witness, but that his credibility was entirely with the jury; that, if they believed his testimony, it was competent for them to find a verdict on his testimony alone; but he advised them not to do so unless this testimony was corroborated; that they were judges of both law and fact.

Held—That this charge, taken as a whole, was not erroneous; that the State has the undoubted right to make use of the testimony of an accomplice, and he is a competent witness, yet the credibility of his testimony may be subject to suspicion, which the jury, under this charge, were not prohibited from considering.

APPEAL from the First District Court, parish of Orleans. *Abell,* J. *S. Belden,* Attorney General, for the State. *E. K. Washington* and *D. M. C. Hughes,* for defendants and appellants.

HOWE, J. The defendants in this case were found guilty of murder, and sentenced to suffer the punishment of death, and have appealed.

Two points are made before us, the first raised upon a motion in arrest of judgment, the second upon a bill of exceptions.

*First*—It is urged that the indictment charging the prisoners with the murder of "Ambrosio, whose first name is unknown," is void for "uncertainty and duplicity," in that there is not a sufficiently legal.

designation of the person alleged to have been killed. It is claimed by counsel that the description of the person killed is "repugnant, because Ambrosio in French or Spanish, in Latin Ambrosius, in English Ambrose, are as palpably first names as George or John;" and they ask the question in their brief, "would an indictment stand describing a person alleged to have been murdered, merely as one George whose first name is unknown?" We presume, from the nature of the case, that the question is seriously asked, and we think it must be answered in the affirmative. We are not aware of any rule of law or philology which necessitates a negative reply. We lately decided the case of Elias George v. A. G. Tucker. In the Twenty-first Annual there are two cases in which the last name of each plaintiff is James. In the late war two prominent characters were Governor Andrew and General Thomas. In these, and a multitude of other examples which might be cited, what are often used as Christian names are used as surnames. We do not think, therefore, that the phrase quoted from the indictment, "Ambrosio, whose first name is unknown," is in itself inconsistent and self-destructive. Nor do we think the description 'atally insufficient. It is admitted by appellants' counsel, on the authority of Mr. Archbold, that while the name of the deceased person should be stated, if it be known, yet, "if not known, he may be described as a certain person to the jurors unknown." *A fortiori*, it would seem plain that where one of the names of the person deceased is known, and the other is not, it will be sufficient to mention the name that is known and the fact that the other is unknown.

*Second*—The bill of exceptions relied on was reserved to the charge of the judge in reference to the testimony of an accomplice. The charge, as stated by the judge, was, "that the witness charged as an accomplice was as any witness, but that his credibility was entirely with the jury; that if they believed the witness, it was competent for them to find a verdict on his testimony, but they were advised not to do so unless his testimony was corroborated; but if they found the evidence given by the accomplice corroborated, it was to be dealt with as other evidence, and that they were judges of both law and fact."

We do not perceive any error in this charge, taken as a whole. It is frequently necessary for the State to make use of the testimony of an accomplice; and that such a witness is competent, can admit of no doubt. His credibility may be justly subject to suspicion, and of this question of credence the jury must judge under the time honored instruction that, while they may find a verdict of guilty upon this testimony without corroboration, yet they are advised not to do so.

Judgment affirmed