## JAMES v. MICKEY.

1. Finding of fact by the jury in a chancery case, approved by the judge, affirmed, there being testimony to support this finding.
2. On an issue of marriage between two colored persons prior to 1865, the plaintiff introduced testimony to show a marriage by a clergyman at a certain time and place (which was contradicted), and also by manner of living, recognition, and reputation. *Held*, that the judge could not properly charge the jury that if they thought the particular ceremony alleged had not taken place, that the cohabitation after that date was concubinage.
3. If these persons were not man and wife in December, 1865, and the man afterwards married another woman, that did not show that he had not duly married the plaintiff in the interim, and therefore the judge could not charge that the verdict must be against the alleged marriage in issue.
4. The judge might properly say to the jury that loose declarations are not entitled to the same weight as those earnestly made, but his failure so to charge when requested, is not legal error.
5. The issue being whether plaintiff was married to deceased, the judge did not err in telling the jury that they had nothing to do with the subsequent marriage of deceased with one R., the context showing that the judge meant that this was not an issue submitted to the jury.
6. In passing upon an issue of fact, it is for the Circuit Judge to apply or not, as he pleases, the maxim *falsus in uno, falsus in omnibus.*

Before WITHERSPOON, J., Charleston, July, 1886.

This was an action by Sarah James, claiming to be the widow of Henry James, deceased, against Martha Mickey and Miley Grant, sisters of the deceased, and two other defendants in possession, for a partition of a lot of land in Summerville. The action was commenced in Berkeley County in March, 1886, and thence transferred by consent to Charleston County. The defendants denied that plaintiff had ever been the wife of Henry. The plaintiff, Henry, and his two sisters were all colored. Henry was free, and the others were slaves until after the war.

The plaintiff introduced testimony to the effect that she was married to the deceased by Rev. Dr. Forrest in the Scotch Presbyterian church in the city of Charleston on a Sunday afternoon in the spring of 1857 ; also that she and Henry lived together as man and wife until after 1868, and were so regarded, and that they themselves recognized the relation. Defendants' witnesses testified that these two persons lived together in acknowledged concubinage until 1862, and then separated. The defendants also proved by three members of Dr. Forrest's congregation that they had never heard of a colored marriage in that church before the war ; that the Scotch people opposed marriages on Sunday, and that Dr. Forrest strictly observed Scotch customs.

Other matters are stated in the opinion.

*Mr. Henry Buist, jr.*, for appellant.

*Mr. Benj. H. Rutledge, jr.*, contra.

March 14, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The respondent, Sarah James, claiming to be the widow of Henry W. James, deceased, instituted the action below to partition the real estate of which the said Henry W. died seized and possessed and intestate, leaving the respondent and two sisters, the defendants, Mickey and Grant, his only heirs at law, as plaintiff alleged. The defendants, sisters, denied that the plaintiff was the widow of their deceased brother, and this being the material question in the case, an issue was framed for a jury, in which the specific question whether the plaintiff "was lawfully married to Henry W. James, as alleged in the second paragraph of the complaint, was submitted," the plaintiff holding the affirmative. The jury found for the marriage, and the judge, concurring in the verdict, ordered that the case be referred to the master to report upon the issues of law and fact involved in the pleadings, &c., taking the fact of marriage as established by the verdict. The defendants have appealed upon the following exceptions :

1. "Because the said judge decreed that the master should consider the existence of the marriage as a fact proven, * * *

whereas he should have decided that said relation had not been established.

2. "Because the said judge  \*  \*  \*  did not charge as requested, that the plaintiff having set up the performance of a particular marriage ceremony, if the jury believed that the plaintiff had failed to prove said marriage ceremony, the cohabitation following said period was concubinage.

3. "Because his honor did not charge as requested, that if the jury are not convinced by the preponderance of the testimony, the burden being on the plaintiff, that Henry W. James and Sarah Divine lived together, each of them considering the relation based on a transaction recognized as the source from which that relation has sprung, the first section of the enabling act of December 21, 1865, does not make them legally man and wife.

4. "That he did not charge as requested, that if the jury believed that Henry James and Sarah Divine were not legally man and wife on December 21, 1865, and that thereafter the marriage ceremony was duly solemnized between Henry James and Mary Robier before the passage of the act of 1872, then the jury should find for the defendants.

5. "That he did not charge as requested, that the declarations of Henry James, although they are admissible as evidence, still if the jury believed that certain declarations were loose and offhand, such declarations should not be entitled to the same weight as those earnestly made.

6. "Because he charged the jury that they had nothing to do with the marriage of Henry James in 1870.

7. "Because he should have decided that it having been clearly proven that many statements made by the plaintiff and other witnesses  \*  \*  \*  were untrue in fact, he should have applied the maxim *falsus in uno, falsus in omnibus*, and decreed that the plaintiff had not established the marriage relation."

It should have been stated above that these parties were colored people, the plaintiff having been a slave before the late war, and Henry James a free man of color.

His honor, I. D. Witherspoon, was the presiding judge at the trial and charged the jury, and although it does not appear that he categorically responded to the requests to charge made by the

appellant, yet his charge was full, and doubtless was intended to cover all the points presented.

The first exception raises substantially a question of fact, to wit, that the finding of the jury that the marriage had been established, in which his honor concurred, was error.    There was certainly testimony on this subject, not only pertinent and direct, but circumstances inferentially sustaining said direct testimony, which well warranted the finding, and under the rule of law applicable to such questions, as held frequently by this court, we cannot disturb said finding.    The Circuit Judge having adopted the finding of the jury on this main question, to wit, the question of the marriage, this ends the appeal, unless this conclusion of fact was reached by the application of some erroneous principle of law, either refusing to charge requests, or charging erroneously.    Has this been shown ?

Appellant's 2nd exception complains that the plaintiff having set up the performance of a particular marriage ceremony, if such ceremony was not proved, that then, as matter of law, the cohabitation following was concubinage.    The judge held that marriage was a matter of intent, and of cohabitation afterwards in pursuance of said intent, and that while evidence of the performance of a special and particular ceremony would prove the marriage, yet this was not the only way in which it could be proved.    On the contrary, it might be proved also by any competent testimony showing that the parties had gone together intending to be man and wife, and had afterwards lived together as such.    The correctness of the law thus laid down by his honor cannot be denied, and this being so, it would have been error in him to have charged as requested in this exception, because thereby he would have excluded the plaintiff from the benefit of all her testimony, showing the manner in which these parties lived together, the relation which they seemed to sustain to each other, and how they held themselves out to the public, their neighbors and friends, which sometimes may be the only way in which a marriage can be proved.    And we do not know by what rule of law that because a party fails to prove a marriage ceremony which is claimed to have been performed, that he therefore forfeits his right to prove the marriage by other competent testimony.

The 3d exception, if we understand it, is the same as the 2d, except that it refers to the act of 1865.   That act legalized the marriage of the colored people which had taken place before emancipation, and such as were in existence at the passage of the act, whether said marriages had taken place by the performance of a particular ceremony, or by the parties living together with the intent and manner of being husband and wife.   If the exception was intended to claim that the relation of these parties was not legalized by the act of 1865, unless that relation had been created before said act by the performance of a special ceremony as the source of the relation, then it is answered above, as such holding would have conflicted with the law announced by his honor, that a special ceremony is not necessary to establish the marriage relation; and if it was intended to claim that the act could not apply, unless the parties recognized themselves to be man and wife, either before or at the time of its passage, then that is what the judge charged.

His honor could not have charged as requested in exception 4, because, even supposing that these parties were not legally man and wife on December 21, when the act of 1865 was passed, we know of no law which prevented them from establishing this relation after 1865, and before James and Mary Robier were married, before the passage of the act of 1872.   The fact that a marriage ceremony was duly solemnized between James and Mary Robier after 1865 was, it is true, a fact to be considered as a part of the testimony bearing upon the question at issue, but it did not require the judge to charge or hold as matter of law that there could have been no marriage between James and Sarah Divine between 1865 and said solemnized ceremony between James and Mary Robier.

There is no rule of evidence, that we are aware of, which required the judge to charge as requested in the 5th exception. He might have very properly said to the jury as therein requested, but we think this was a matter of discretion with him, depending upon the facts and the character of the declarations admitted. But his declining to do so as a distinct charge cannot be sustained as error of law.

The remarks of his honor, complained of in the 6th exception,

when he said to the jury, "You have nothing to do with the marriage of Henry in 1870," was made after he had very fully explained to the jury the law as to marriage, of unlawful cohabitation, concubinage, &c., &c., and immediately preceded a statement of the true issue which had been submitted to them, to wit, whether Henry and Sarah had ever entered into the relation of husband and wife in good faith, and it was nothing more, therefore, than drawing the attention of the jury to the issue really before them, and was simply saying, in substance, to them, that the marriage of Henry in 1870 to Mary Robier was not one of the issues submitted, and that whatever might be the fact in reference to that matter, yet that was not the question. The question was whether Henry and Sarah had ever been married.

As to the 7th and last exception, whether the doctrine *falsus in uno, falsus in omnibus* should have been applied, was a matter for the judge entirely. He may have thought that the statements of the plaintiff and of her witnesses were true instead of false, and that there was no room for the doctrine contended for. After hearing the whole case, aided by a jury, he found, as matter of fact, that the marriage between Henry and respondent, Sarah, had been established. He must, therefore, have believed the testimony of Sarah and of her witnesses.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.