## No. 229.

### THE STATE OF LOUISIANA VS. ADOLPHUS BANKS ET AL.

If, in a criminal case. it appears from the whole tenor of the proceedings, that an indictment against several persons therein charged jointly with an offense, properly endorsed as against " A. and als " was presented in open court by the grand jury, the fact that, in his minutes of the day the clerk erroneously copied the title so as to make it read as against " A." only, cannot vitiate the proceedings.

When conspiracy has once been proved, in the opinion of the trial judge, evidence of the acts and declarations of one of the conspirators in the prosecution of the common design is admissible against all others. Affirming State vs. Ford, 37, Ann. 443.

An accomplice jointly accused with other persons, but not on trial and discharged under a *nolle prosequi*, is a legal or competent witness ; the fact of his being an accomplice can affect only his credibility, of which the jury are the sole judges. Hence the trial judge cannot be required to instruct the jury to discredit his testimony unless corroborated by unimpeached evidence.

Nor can the judge be required to give as a charge the legal maxim *falsus in uno, falsus in omnibus.*

APPEAL from the Sixteenth District Court, Parish of East Felicaana. *Brame,* J.

*J. Henry Shepherd,* District Attorney, for the State, of Appellee:

1. The accused has no right to exact a list of the State witnesses to be produced b fore the petit jury, nor can the Court require the district attorney to furnish such a list as a condition precedent to a trial of the cause. 32 Ann., 782. State ex rel. Wickliffe, 39 Ann., 847,

2. The fact that a witness was an accomplice may affect his credibility, but not his competency. 23 Ann., 78 ; 25 Ann., 522. In the last case the law plainly stated that a jury may convict on the uncorroborated testimony of an accomplice. There is no rule of law requiring the judge to charge the jury that the testimony of an accomplice needs

confirmation; it is a rule of practice. 25 Ann., 522, reaffirmed in State vs. Russell, 33 Ann., 138; State vs. Mason, 38 Ann., 476; State vs. Crowley, 32 Ann., 782. Bishop 1 vol. C. P., 1169.

3. When one or more persons are acting in concert with the defendant about the particular thing in question, all with a common object, the declaration of any one of the others during the time of the transaction, whether present or absent, may be given in evidence against the defendant. Bishop, C. P., Vo'. 1, 1248; 35 Ann., 89 ; 37 Ann., 460.

4. In accord with the current of the combined adjudications in reason and as general doctrine the declarations of the deceased or of any other third person who participated in the transaction, which ended in death, when either they or some fact, which they tend to explain, may be deemed a part of such transaction    *    *    provided that either the declaration or the fact it would illustrate is pertinent to the main inquiry. Bishop, C. P., 625. See note 2, also 1086 same.

5. Corroborating circumstances, if attainable, should always be offered in proof of the evidence of an accomplice, and courts should favor the admission of such corroborating evidence,   Bish. C. P., 1150, 1162, 1169, 1170.

6. The maxim falsus in uno falsus in omnibus is a maxim, not of law, but of sound sense, and it is to be applied or not by the jury according to their own understanding of the truth of the individual case.   Bishop, C. P., 1149.

*I. D. Wall* and *Chas. Kilbourne,* for Defendants and Appellants.

---

The opinion of the Court was delivered by

Poché, J.   In this case, in which Adolphus Banks, Louis Edwards, Edmond Drennels, and Prudy Williams had been indicted for conspiracy and murder, a *nolle prosequi* was entered as to Banks, who was afterwards used as a State witness, and the trial resulted in the acquittal of Prudy Williams, and in the conviction of murder, by an unqualified verdict, of Edmond Drennells, and in the conviction of Louis Edwards for murder without capital punishment.

The two convicted defendants prosecute this appeal and urge numerous complaints for our examination.

1st.   They contend that the minutes of the court fail to show that an indictment was presented against them in open court, because the entry in the minutes on the subject refers to an indictment against *Adolphus Banks only.*

But the record shows that the indictment, which was presented on that day, was entitled : *"State of Louisiana vs. Adolphus Banks et als.,"* and the indictment itself charges all four of the persons hereinabove enumerated with the crime of murder and conspiracy.   This and other errors in the general confection of the transcript may go a great way to prove gross negligence or glaring incompetency on the part of the clerk, but they cannot vitiate the proceedings, from the whole tenor of which it appears to our entire satisfaction that an indictment was duly presented against the two defendants who are now

47

appellants before us, and that their complaint in this particular is groundless.

2d. The next complaint involves the ruling of the trial judge in admitting as evidence the statement by the State witness, Adolphus Banks, that Louis Edwards had told him where he had procured the ax with which the homicide had been committed.

In the opinion of the judge the conspiracy for the perpetration of the murder had been proved against the two appellants, and it appeared that the statement had been made at the time and place of the homicide, hence it follows that the declaration of one of the conspirators in connection with the common purpose must be held as that of all the others, and it was therefore admissible as evidence against them all.

In Ford's case, 37 Ann. 443, this court, guided by undisputed authority, formulated the rule as follows : "When conspiracy has once been proved, in the opinion of the trial judge, evidence of the acts and declarations of one of the conspirators in the prosecution of the common design, is admissible against all the others." Wharton's Criminal Evidence, Secs. 698, 701 ; United States vs. Goodwin, 12 Wharton, 469. We therefore uphold the trial judge in the ruling complained of.

3d. It is next charged as error on the part of the judge to have admitted the testimony of a witness to the effect that Banks had shown him the place where the homicide had been committed, and the spot where the body of the victim had been found. The evidence was properly admitted to corroborate the testimony of Banks who had already testified. There is no force in the contention that the facts disclosed by that evidence were *res inter alios acta*, as it appears that, at the time, Banks was one of the accused in the case. The objection that the State could not corroborate her testimony before it was attacked finds no sanction in law or reason. The parties to a suit can not be controlled in the order of introducing this evidence. It was not only competent for the district attorney to seek, at any stage of the trial, to corroborate the testimony of an accomplice who had turned State's evidence, but it was his duty to do so, in compliance with well settled jurisprudence, and in justice to the accused themselves, whose counsel were zealous in their efforts to prevent a conviction on the uncorroborated testimony of an accomplice, and this was the subject of their fourth bill of exception, in which they complain of the refusal of the judge to charge the jury to give no faith to the statements of the accomplice implicating other persons but himself, unless he was therein corroborated by unimpeached evidence.

The judge very properly refused the charge as requested, because it was unwarranted by the laws of this State; and because in his general charge to the jury, he had covered the whole ground in a manner fully sanctioned by criminal jurisprudence in this State as well as in other commonwealths of the American Union. He had charged as follows: "The fact that a witness was an accomplice may affect his credibility but not his competency, that is, he is a legal witness, and you must determine what credit you think his testimony is entitled to, whether corroborated or uncorroborated."

In these few clear and terse utterances, the judge successfully announced the whole doctrine as established in jurisprudence, and complied at the same time with the rule of law which places the solution of the facts in a criminal prosecution within the exclusive province of the jury. Bishop, C. P., 1160, 1169. State vs. Mason, 39 Ann. 476; State vs. Prudhomme, 25 Ann. 522; State vs. Bayonne, 23 Ann. 78. Proffatt on Jury Trials, § 365.

5th. From the foregoing considerations we conclude that the trial judge was equally correct in refusing the charge requested by counsel for the defense embodying the legal maxim "*falsus in uno, falsus in omnibus*," which is the subject of their fifth bill of exception, and which was likewise intended to affect the testimony of the accomplice, Banks. As the jury were the sole judges of the credibility of the witness, it was their right, untrammelled by any direction, check or restraint on the part of the court, to adopt their own rules or modes of testing the credit to which the witness was entitled to, and of weighing the value of his testimony. Bishop, C. P., 1149; Wharton's Criminal Evidence, § 380; Waterman's Criminal Digest, p. 130 No. 34.

After a thorough examination and minute consideration of all the grounds of error urged by these appellants, we reach the conclusion that they have had a fair and impartial trial, and that they are entitled to no relief at our hands.

Judgment affirmed.