CAHN and others, Respondents, vs. LADD and others, Appellants.

*September 24 — October 13, 1896.*

*False representations: Evidence: Relevancy: Instructions: Credibility of witnesses.*

1. The question being as to the truth, meaning, and effect of certain statements made by a purchaser of goods to a traveling salesman, evidence of similar statements made to others, of which the vendor had no knowledge, is inadmissible either as independent evidence, or for the purposes of impeachment, unless they contradict material statements made by the purchaser as a witness.

2. An instruction which allows the jury to disregard the entire testimony of a witness if they find that he "has testified falsely regarding any material matter," is erroneous.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

This is an action of replevin to recover a quantity of clothing of the value of about $1,300. This clothing was originally sold by the plaintiffs to the defendant *Max Strouse*, who was a clothing merchant at La Crosse. The claim of the plaintiffs was that it was sold under false and fraudulent representations made by *Strouse* as to his financial condition; also that *Strouse* purchased with the deliberate intention not to pay. It appeared on the trial that the defendants *Ladd* and *Scott* were respectively sheriff and under-sheriff of La Crosse county, and that when this action was brought they were in possession of the property replevined under several executions amounting to nearly $10,000, issued upon judgments against *Max Strouse*. These judgments had all been entered May 14, 1894, upon judgment notes previously given by *Max Strouse*. This action was commenced May 17, 1894. The jury returned a verdict for the plaintiffs in proper form, and from judgment thereon the defendants appealed.

For the appellants there was a brief by *Bleekman, Bloomingdale & Bergh,* and oral argument by *F. D. Bloomingdale* and *A. E. Bleekman.*

For the respondents there was a brief by *Losey & Woodward* and *Higbee & Bunge,* and oral argument by *E. C. Higbee* and *G. M. Woodward.* They contended, *inter alia,* that the evidence of similar representations by *Strouse* to other parties was admissible in rebuttal and in impeachment of his testimony. *Welch v. Abbot,* 72 Wis. 512; *A. C. Conn Co. v. Little Suamico L. Mfg. Co.* 74 id. 652; *Hunter v. Gibbs,* 79 id. 70. Such evidence would have been admissible also, independent of its impeaching character, as a part of the plaintiffs' case, under the rule that wherever intent or good faith of a person is in issue, or when the question is whether an act is accidental or intentional, similar cases to those which are alleged may be proven. The only limitation is that the acts sought to be introduced must be relevant as to time. *McKenney v. Dingley,* 4 Me. 172; *Cary v. Hotailing,* 1 Hill, 311; *Hall v. Naylor,* 18 N. Y. 588; *Allison v. Matthieu,* 3 Johns. 235; *Butler v. Watkins,* 13 Wall. 456; *Continental Ins. Co. v. Ins. Co. of Pa.* 51 Fed. Rep. 884; *Dwyer v. Bassett,* 1 Tex. Civ. App. 513.

WINSLOW, J. The claim of the plaintiffs was that *Strouse* purchased the goods fraudulently, intending not to pay for them, and that he made false representations as to his pecuniary condition, which were relied on by the plaintiffs in making the sale. The alleged false representation chiefly relied on by the plaintiffs is testified to by one Marks, a traveling salesman of the plaintiffs, as having been made to him in March, 1893, and is to the effect that he (*Strouse*) had purchased a stock of clothing of L. J. Strouse, at La Crosse, which would inventory at $12,000, for fifty cents on the dollar, and that he would pay $2,000 cash therefor and the balance in six, twelve, eighteen, and twenty-four months,

and that besides the $2,000 in cash which he was to pay L. J. Strouse he had $4,000 to distribute among new purchases. The defendant *Strouse* testified to substantially the same thing. He says that he told Marks that he had bought out the business at fifty cents on the dollar, and that it would inventory about $12,000; that he was going to pay $2,000 to L. J. Strouse, and had $4,000 to distribute among bills he was going to buy. The controversy was not really as to what *Strouse* said to Marks, but as to whether the statement was made for the purpose of securing credit at all, and whether, if so, it was not substantially true. Upon cross-examination of *Strouse* he was asked if he did not write a certain letter to a Philadelphia firm in March, 1893, and against objection and exception he answered that he did, and the letter was received in evidence against objection. The letter was written to obtain credit, and contained the following sentences: "I bought the stock of L. J. Strouse, amounting to $12,000, for $6,000, together with his good will and influence; terms, $4,000 cash, balance in two unsecured notes at $1,000, running one and two years, at five per cent. interest. I have, besides, $2,000 in cash to distribute *pro rata* among my new purchases, and you will receive your share out of that. Have also $1,000 outstanding in St. Paul, from my former business." It was not claimed that plaintiffs ever saw the letter, but it was claimed to be proper impeaching evidence. We think its admission was erroneous. The controversy was as to the truth, meaning, and effect of certain statements made to Marks, and upon this issue the statements made to others can cut no legitimate figure, nor do they appear to impeach any material statements made by *Strouse* as a witness. *Huganir v. Cotter*, 92 Wis. 1.

Upon request of the plaintiffs the court charged the jury as follows: "You are further instructed that, if you find that any witness has testified falsely regarding any material matter, you are at liberty to disregard all his testimony, ex-

cept so far as may be corroborated by other evidence."
This was erroneous. It allows the jury to disbelieve the
entire testimony of a witness simply because he may have
made an innocent mistake. *Little v. Superior R. T. R. Co.*
88 Wis. 402. For these errors there must be a new trial.

*By the Court.*— Judgment reversed, and action remanded
for a new trial.

