DELL TITTERINGTON V. STATE OF NEBRASKA.

FILED DECEMBER 6, 1905.  No. 14,176.

1. **An** instruction which informs the jury that, if they believe that a witness has wilfully and corruptly testified falsely as to any material fact, they are at liberty to reject all or any portion of the testimony of such witness, correctly states the rule to be applied to such cases.

2. **Instruction Refused:** ERROR. Where, in a proper case, such an instruction is tendered, it is error for the court to refuse to give it because it does not contain the qualifying words "unless corroborated by other competent proof."

3. **Case** Disapproved. The rule announced in *Denny v. Stout*, 59 Neb. 731, in so far as it conflicts with this opinion, is disapproved.

ERROR to the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed.*

*W. W. Graves, J. T. Beeler* and *Albert Muldoon,* for plaintiff in error.

*Norris Brown, Attorney General,* and *W. T. Thompson, contra.*

BARNES, J.

The plaintiff in error was convicted of the crime of stealing certain cattle of the value of $120, while they were in his possession as bailee, and was sentenced to the penitentiary for the period of three years. To reverse said judgment he brings the case to this court.

By the second assignment of error it is contended that the district court erred in refusing to give the jury paragraph five of the instruction asked for by the plaintiff, which reads as follows: "The jury are instructed that they are the sole judges of the credibility of the witnesses, and of the weight to be given to their testimony. In determining such credibility and weight they will take into consideration the character of the witness, his manner on the stand, his interest, if any, in the result of the trial; his relation to, or feelings toward, the parties; the probability or improbability of his statements, as well as the facts and circumstances given in evidence. And in this connection you are further instructed that, if you believe that any witness has wilfully and knowingly sworn falsely to any material fact, you are at liberty to reject all or any portion of such witness' testimony." Not only was this instruction refused, but the court failed to instruct the jury on that point on his own motion.

It appears that one G. W. Bentley was the prosecuting witness, and claims to have been the owner of the animals alleged to have been stolen; that he delivered 12 head of cattle, consisting of 7 heifers and 5 steers, to the plaintiff to be pastured during the season of 1904, at the agreed price of 25 cents a head per month; that during the summer

he exchanged 5 of the steers with the plaintiff for 5 heifers, and bought enough other cattle of him to increase the number in his charge to 27 head; that in September of that year Bentley paid the plaintiff for the cattle thus purchased, and for the pasturing, up to the 25th day of that month. The plaintiff claims that on the 10th day of October following Bentley purchased a mare of him at the agreed price of $125, and was thereafter indebted to him for that amount, and for pasturing the cattle from September 25 to December following. It is admitted that he delivered 19 head of cattle to Bentley, leaving 8 head still in his possession, 3 of which died; and he states that he butchered 3 of the remaining animals, and shipped 2 of them. He also testified that, before so doing, he met Bentley at the Vienna Restaurant in North Platte, and there, in the presence of Ed. Hosler, Walter Etchison and the restaurant keeper, Otto Weil, Bentley said to him: "How much do I owe you now, Dell, for pasturing them cattle? He says: 'I have been hailed out, and had a team knocked out, one with fistula and one with sweeney,' and I think he said: 'I am hard up. I don't know when I will ever get any money to pay you.' I told him I did not think his pasture bill was very big. I don't remember just what it was. I didn't think it was very big. I says: 'There is the mare yet.' We had some other conversation. I says finally: 'Why not let me have the balance of those heifers on the account, and I think it will nearly finish it. I don't know just what it is, but I think it will very nearly finish the account.' He says: 'All right.' I understood it to be a trade." Thereafter he disposed of the cattle in question as above stated. The plaintiff's evidence on this point was fully corroborated by all the witnesses there present, except Weil, and was partially corroborated by him, although he stated that he paid very little attention to the conversation. The record discloses that Bentley denied that he ever had any such conversation with the plaintiff, and, so far as that point was concerned, he seems to have been entirely uncorroborated. So it would seem that the case was one where it was not only proper,

but it was the duty of the court to instruct the jury as to the rule *falsus in uno, falsus in omnibus,* and correctly define that rule.

It is conceded by the state that the instruction tendered was incorrect in this: That it should have contained the qualifying words, "unless corroborated by other competent proof." We are satisfied that the weight of authority is opposed to such a qualification. The question was carefully considered by this court in *Atkins v. Gladwish,* 27 Neb. 841, where an instruction in the following language was approved: "If the jury believe that any witness in this case has knowingly sworn falsely to any material matter in this case, then you are instructed that this would justify you in disregarding the testimony of such witness entirely." In the body of the opinion, Judge Cobb, speaking . for the court, said:

"The maxim, *'falsus in uno, falsus in omnibus,'* is one of general acceptation; but there is quite a diversity of opinion in the reported cases as to how it should be expressed in an instruction to a jury. It is not my purpose to compare the instruction above quoted with those which have been approved or disapproved in the courts of other states, but to say that I do not find the weight of authority or the reason of the case to indispensably require such charge to be qualified by the addition of the words 'unless corroborated.' Indeed, if the witness may not be believed unless corroborated, but may not be disbelieved if corroborated, even then credence is given alone to the corroborating testimony, and not to that of the implicated witness."

In *Dell v. Oppenheimer,* 9 Neb. 454, the syllabus states the rule as follows:

"Where a party swears falsely to a fact in respect of which he cannot be presumed liable to mistake, courts are bound to apply the maxim *'falsus in uno, falsus in omnibus,'* and to give no credit to any alleged fact depending upon his testimony alone."

The rule thus stated was approved in *Freiberg v. Treitschke,* 36 Neb. 880. In *Johnson v. State,* 34 Neb. 261,

this court approved the following instruction: "In weigh-ing the testimony of each witness the interest, or absence of interest, of such witness in the result of the trial, should be taken in consideration by the jury. If the jury believe from the evidence that any witness has wilfully and knowingly sworn falsely to any material fact in this trial, it is competent for the jury to wholly disregard the testi-mony of such witness so far as it is in favor of the side calling him, if they believe his testimony wholly unworthy of belief." In 2 Rice, Evidence, page 795, we find the rule announced as follows: "If a jury are convinced of the in-tentional falsity of evidence and such wilful perjury, com-mitted for the purpose of deceiving and misleading them, has destroyed their confidence in the truthfulness of the man and of his whole story, it is their legal duty then to re-ject his entire testimony as proving nothing." The rule thus stated is supported by the great weight of authority. In fact, after a thorough examination of the adjudicated cases, we feel that we can say that no case can be found where an instruction thus stating the rule has been refused because it did not contain the qualifying words, "unless corroborated by other competent proof." It is probable that the trial court was misled in this case by *Denney v. Stout*, 59 Neb. 731, where, in discussing an instruction, the writer of the opinion said:

"Error is assigned on the refusal of the court to give the following instruction requested by the defendants: 'If you find that any witness testified falsely as to any material point, you may disregard all he testified to unless corrob-orated by other competent proof.' This instruction omit-ted an important element, and was, therefore, properly refused. The rule is that the jury are authorized to disre-gard the entire evidence of an uncorroborated witness where his testimony upon a material point is wilfully and corruptly false."

It must be observed that the instruction in that case was disapproved, not because it did not contain the words, "unless corroborated by other competent evidence," but be-

cause the words, "wilfully and corruptly false," were omit-
ted therefrom, and the rule thus announced, in so far as it
seems to hold that the qualifying words, "unless corrob-
orated by other competent evidence," must be contained
in an instruction on that point, is disapproved.   The trial
court in this case not only refused the instruction ten-
dered, but instructed the jury, in substance, not to regard
merely slight variances of testimony between the wit-
nesses as affecting their credit.   In *State v. Swayze*, 11
Ore. 360, 3 Pac. 575, it was held reversible error to give
such an instruction.

So we are constrained to hold, both on principle and
upon the weight of authority, that the court erred in re-
fusing to give the instruction in question.   Having reached
this conclusion, we find it unnecessary to consider any of
the other assignments of error.

For the foregoing reasons, the judgment of the district
court is reversed and the cause remanded for a new trial.

                                            REVERSED.