## MATHIAS BARBER V. STATE OF NEBRASKA.

### FILED JANUARY 18, 1906.   No. 14,193.

1. **Criminal Law. JURY.** Where the regular panel of the petit jury has been discharged, it is not error, in a criminal case, to summon a new jury under the provisions of section 664 of the code. *Barney v. State*, 49 Neb. 515, followed.

2. **Instruction.** Under the circumstances of this case, an instruction to the effect that, "if any witness for the state has wilfully testified falsely as to any material fact in the case, you are at liberty to disregard the entire testimony of such witness, unless corroborated by other evidence," was proper, and it was error to refuse the same at defendant's request. *Titterington v. State, ante,* p. 153, followed.

3. An instruction to the effect that the disagreement of witnesses in minor points "does not necessarily militate against the candor of any of them," approved in *Davis v. State*, 51 Neb. 301, criticised.

ERROR to the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed.*

*Hoagland & Hoagland,* for plaintiff in error.

*Norris Brown, Attorney General, W. T. Thompson,* and *L. E. Roach, contra.*

LETTON, J.

Mathias Barber was convicted of receiving, with intent to defraud the owner, a certain cow, knowing the same to have been stolen.

1. He complains that the district court erred in over-
ruling his motion to quash the panel of the petit jury
summoned by the sheriff. It appears that the regular
jury impaneled for the term had been engaged in the
trial of another case, in which some of the same witnesses
testified and like facts were in controversy as in this
case, and that for this reason it had been discharged by
the court and a new venire ordered in accordance with
section 664 of the code. It is contended that the new
venire should have been summoned under the provisions
of section 465a of the criminal code. This contention has
been considered and passed upon by this court adversely
to the position of the defendant in the cases of *Barney v.
State*, 49 Neb. 515, and *Fanton v. State*, 50 Neb. 351.
With the rule established in these cases we are satisfied,
and see no reason for disturbing the same.

2. It is urged that it was error to allow the witnesses
Vie Morgan and Maude Morgan to testify as to conver-
sations between them and one Markee, whom the state
claimed had stolen the cow. The testimony set forth in
the record was immaterial, and could not aid the jury
in determining whether the cow was in fact stolen. It
might have properly been stricken out if the defendant
had requested it, but this was not done. We think the
defendant suffered no prejudice by this evidence, but that
it should not be received upon another trial, since it
throws no light upon the issue.

3. The following question was asked of the witness
Jepson on cross-examination by the state: "You had been
a witness for Barber before, when he was charged with
stealing Collins' cow?" The question was objected to by
the defendant and the objection was sustained. This
question was evidently improper, since it suggested to the
jury that the defendant had formerly been charged with
stealing a cow. It is now charged that the putting of the
question was such misconduct of counsel as to prejudice
the defendant. The defendant, however, rested content
with making the objection, and did not ask the court to

admonish counsel or instruct the jury to disregard the inference suggested, and is not entitled now to urge that the court should have gone further, when he failed to request it.

4. Complaint is made of the instructions given and refused. Instruction No. 4 given by the court is, in substance, to the effect that the state claims that the cow was stolen by one Markee, and that the defendant received the cow with the intent to defraud the owner thereof, knowing that she was stolen; that, if the evidence satisfies the jury beyond a reasonable doubt that Markee stole the cow and that the defendant received the same knowingly, with the felonious intent to defraud the owner thereof, then they should find the defendant guilty; while the fifth instruction is to the effect that, if the evidence was insufficient to satisfy the jury that the cow was stolen by Markee, yet, if it satisfied the jury that the cow was stolen and that the defendant received it, knowing it to have been stolen, and with the intent to defraud the owner, then they should convict the defendant. It is contended that these instructions are contradictory; that, if there was a failure of proof as to the stealing of the cow by Markee, there was a failure of proof that any one stole her, and, consequently, there could be no conviction upon the offense charged. The theory of the state was that the defendant received a cow which had been stolen by Markee, and the only evidence of the theft was positive testimony that the cow was taken by Markee. While the fifth instruction may be correct as an abstract proposition of law, we think it inapplicable to the issue in the case, tended to confuse the jury, and should not have been given. While, perhaps, not prejudicially erroneous, upon a new trial it should not be repeated.

As to the refusal to give instructions 9 and 10 requested by the defendant, the proposition embodied in instruction No. 9 is given in the eighth instruction given by the court on its own motion, and hence it was not error to refuse the same. The portion of instruction No. 10 which tells the

38

jury that, if they believe from the evidence that either the witness William Morgan or Vie Morgan is a person of bad reputation for truth and veracity, this fact goes to discredit his or her testimony, and the jury may entirely disregard it, except as corroborated, is also given in the eighth instruction given upon the court's own motion, except that these witnesses are not pointed out specifically by name. We have heretofore held that it was not error to give an instruction of this character which pointed out witnesses specifically by name, where evidence had been given for the purpose of impeachment by showing the bad reputation for truth and veracity of these witnesses in the neighborhood in which they live. *Watson v. Roode,* 30 Neb. 264. The reason for this departure from the general rule is discussed in the case of *Argabright v. State,* 49 Neb. 760, and the ground for the rule set forth.

That portion, however, of instruction 10, which is as follows: "And, if the jury believe from the evidence that any witness for the state in this case has wilfully testified falsely as to any material fact in the case, you are at liberty to disregard the entire testimony of such witness, unless his testimony be corroborated by other evidence," is not found in any part of the charge to the jury, and it is urged that this was error of such prejudice to the defendant that he is entitled to a new trial on account of the refusal thereof. The question of whether it is prejudicial error to refuse such an instruction as this has been recently passed upon by this court in *Titterington v. State, ante,* p. 153. This was a cattle stealing case, in which there was a direct conflict in the testimony. An instruction upon this point requested by the defendant was refused, and the court failed to instruct the jury upon the point involved upon its own motion. It appeared that in that case the court refused to give the instruction requested because it did not contain the qualifying words, "unless corroborated by other competent proof." In the instruction requested in this case these qualifying words are contained. In the case at bar there is a direct and ir-

reconcilable conflict between a part of the testimony of some of the witnesses of the state and that of some of the witnesses for the defendant, and, if the jury believed that any witness wilfully testified falsely, the defendant was entitled to have it instructed that it might reject the testimony of such witnesses, unless corroborated. There is a further resemblance between this case and the Titterington case, in this, that the trial court, in both cases, instructed the jury upon its own motion "that the disagreement of witnesses in minor points does not necessarily militate against the candor of any of them." The giving of this instruction is criticised in the opinion in that case. The instruction is copied from *Davis v. State*, 51 Neb. 301, where it was held that the defendant had no reason to complain of it. We think, however, it comes very close to infringing upon the province of the jury as to the weight to be given to the testimony, and seriously doubt the propriety of giving it. The refusal to instruct upon the theory, *falsus in uno, falsus in omnibus*, was erroneous, and of such prejudice to the defendant that a new trial should be granted.

We think it proper to state that the substance of the propositions embraced in a number of the instructions requested by the defendant should have been given, since they cover points upon which it was proper that the jury should be instructed, if so requested, and which were not given in the charge of the court.

The judgment of the district court is reversed and a new trial ordered.

REVERSED.