SOMMERVILLE, J., not having heard the argument, takes no part.

(87 South. 721)

No. 24374.

**STATE v. HENDERSON et al.**

(Feb. 28, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⬤⟲762(3)—**Requested charge on accomplice testimony properly refused as opinion on facts.**

In a prosecution for entering in the nighttime a railroad box car with intent to steal and stealing therefrom, the trial court properly refused to instruct that, while the jury might find a verdict of guilty on the testimony of an accomplice without corroboration, yet they were advised not to do so, as such a charge would be to express an opinion on the facts.

2. **Criminal law** ⬤⟲780(3)—**Instruction on accomplice testimony held sufficiently to have conveyed meaning.**

In a prosecution for entering a railroad box car in the nighttime with intent to steal, and stealing therefrom, instruction, given at the district attorney's request, that an accomplice joined in the same indictment with accused may testify unless put on trial at the same time, and that the uncorroborated testimony of an accomplice was sufficient for conviction, though it should be "recorded" with caution, *held* proper as sufficiently conveying the meaning the uncorroborated testimony should not be accepted without caution.

3. **Criminal law** ⬤⟲841—**Defective charge cannot be taken advantage of after verdict.**

After verdict, it is too late to seek to take advantage of mere defective language in a charge not called to the attention of the trial court, so as to afford opportunity for correction.

4. **Criminal law** ⬤⟲622(1)—**Granting of severance within discretion of trial court, though case had stood for trial.**

Where four defendants were proceeded against by information, two of them pleaded guilty, and severance as to one of the others was granted, no objection being made at the time, such action was within the discretion of the trial court, though the case had stood for a week fixed for trial as to both of the remaining defendants together.

Appeal from Ninth Judicial District Court, Parish of East Carroll; F. X. Ransdall, Judge.

Louis Henderson and others were charged with entering in the nighttime a railroad box car with intent to steal, and stealing therefrom, of which Ike Humphries was convicted and he appeals Affirmed.

C. S. Wyly, of Lake Providence, for appellant.

A. V. Coco, Atty. Gen. (J. B. Snyder, Dist. Atty., of Tallulah, and T. Semmes Walmsley, of New Orleans, of counsel), for the State.

PROVOSTY, J. The accused, Ike Humphries, Louis Henderson, and Will and Frank Jones, were charged by information, as principals, with entering in the nighttime a railroad box car with intent to steal, and stealing therefrom.

Louis Henderson and Frank Jones pleaded guilty, and the case was fixed for trial as to the other two for a day one week after their arraignment and plea of not guilty.

When the case was called up for trial, on the day then fixed, Will Jones, through counsel, moved for a severance, and the motion was granted. The trial of Ike Humphries was then proceeded with, and Will Jones was used as a witness against him.

[1] His counsel requested that the following charge be given to the jury:

"The credibility of an accomplice may be justly subject to suspicion, and of this question of credence the jury must judge, under

the instruction that, while they may find a verdict of guilty upon the testimony of an accomplice without corroboration, yet they are advised not to do so."

In the per curiam to the bill of exception, the learned trial judge says:

"I refused to give this charge, because I do not think it is good law, nor that I am authorized to charge the jury that they may find a verdict upon certain testimony and then advise them not to do so."

This is certainly good sense, and therefore also good law. The charge is taken verbatim from State v. Bayonne, 23 La. Ann. 78; but the court was not there formulating a charge, or giving approval to a formulated charge, but was merely expressing the idea that the testimony of an accomplice must be received with caution. To advise the jury not to convict upon the uncorroborated testimony of an accomplice, especially in a case lacking such corroboration, would be to express an opinion on the facts. State v. Banks, 40 La. Ann. 736, 5 South. 18.

[2] In place of the said requested charge, the judge, at the request of the district attorney, gave the following:

"An accomplice joined in the same indictment with the accused may testify, unless put on trial at the same time; and the accomplice may testify when he has pleaded guilty and has not yet been sentenced; and the uncorroborated testimony of the accomplice is sufficient for a conviction, though it should be recorded with caution."

The expression "recorded with caution" was evidently meant for received with caution. But counsel for accused say that the jury may have been misled by this use of the word "recorded" for "received," and may have understood, not that the testimony should be received by them with cau-

tion, but that it should be recorded at some time or other, or some place or other, with caution.

While the word "recorded" is not a very apt one for doing duty in the place of the word "received," we think that the clause "though it should be recorded with caution," modifying the immediately preceding sentence, sufficiently conveyed the meaning that the uncorroborated testimony of an accomplice is not to be accepted without caution.

[3] The bill of exception is confined to the naked recital that the one charge was requested and refused, and the other requested and given, and that accused excepted to the "rulings" of the court. In the transcript as typewritten the word is "ruling." The "s" is added with a pen. The attention of the judge was evidently not called to the improper use of the word "recorded" in place of "received." This should have been done, if considered of any importance. After verdict, it is too late to seek to take advantage of a mere defect of language in a charge not called to the attention of the court, so as to afford an opportunity for correction.

[4] Accused also complains of the severance having been granted. The ground of his complaint is that it was taking an unfair advantage of him, inasmuch as the case had for a week stood fixed for trial as to both accused together. No objection was made at the time; and, moreover, we know of no rule against the granting of a severance within the discretion of the trial judge.

Judgment affirmed.

SOMMERVILLE, J., takes no part, not having heard the argument.