(August 4, 1921.)

STATE, Respondent, v. WILLIAM BOYLES, Appellant.

[200 Pac. 125.]

CRIMINAL LAW—INSTRUCTIONS—FALSUS IN UNO, FALSUS IN OMNIBUS.

1. It is not error for the trial court to refuse to give a requested instruction which details various methods by which a witness may be impeached, but which contains no rule of law which should govern the jury in its consideration of the testimony of a witness who has been impeached.

2. An instruction calculated to place especial emphasis upon the duty of each individual juror to be convinced in his own mind before he agrees to a verdict is unnecessary and generally not to be commended.

3. An instruction founded upon the maxim, *Falsus in uno, falsus in omnibus,* which fails to require that the false testimony must be wilful and intentional and that it must relate to a material fact, is erroneous.

4. The following requested instruction correctly stated the law: "Whenever it has been shown by the evidence to the satisfaction of the jury that a witness has wilfully sworn falsely in any mate-

---

Publisher's Note.

3. Necessity that instruction that if jury believe witness has testified falsely in one particular they may disregard all his testimony should include proviso that false testimony must have been knowingly and wilfully given, see notes in 8 **Ann. Cas.** 450; **Ann. Cas.** 1912D, 1351; 29 **L. R. A., N. S.,** 680.

rial matter, the jury is privileged to reject the testimony of such witness except when corroborated by other and reliable evidence."

5. An instruction based upon the maxim, *Falsus in uno, falsus in omnibus,* should be given only when warranted by the evidence adduced at the trial.

6. It is generally discretionary with the trial court as to whether such an instruction should or should not be given.

7. It is error to refuse to give such an instruction, when seasonably requested, when from the record it is clearly apparent that one or more of the witnesses have deliberately and wilfully given contradictory testimony as to a material fact, or there is a palpable and irreconcilable conflict between the evidence of different witnesses as to material matters.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Isaac F. Smith, Judge.

Defendant was convicted of grand larceny. *Reversed.*

J. W. Galloway and Hawley & Hawley, for Appellant.

Where a witness has wilfully sworn falsely in any material matter and it has been so shown to the satisfaction of the jury, the jury is privileged to reject the testimony of such witness except where corroborated by other and reliable evidence; the court in the instruction given by it failed to give said idea except in a modified and misleading manner. (*State v. Willis,* 24 Ida. 252, 132 Pac. 962; 40 Cyc. 2588; 16 C. J. 1017, sec. 2442 (e); *State v. Bogris,* 26 Ida. 587, 144 Pac. 789; *State v. Waln,* 14 Ida. 1, 80 Pac. 221; *People v. McDonald,* 167 Cal. 545, 140 Pac. 256; *State v. Lee,* 34 Mont. 584, 87 Pac. 977; *State v. Hillstrom,* 46 Utah, 341, 150 Pac. 935.)

In a criminal cause where the charge made against the defendant is one of felony, it is the duty of each individual juror to stand for acquittal after the cause is submitted to the jury, until he is satisfied by the argument of his fellow-jurors and a full consideration of all the evidence that the guilt of the defendant has been proven beyond a reasonable doubt. (*State v. Huffman,* 69 W. Va. 770, 73 S. E. 292;

*Johnson v. People,* 202 Ill. 53, 66 N. E. 877; 16 C. J. 990, sec. 2398, p. 1029, sec. 2462; *Dunn v. People,* 109 Ill. 635; *State v. Vansant,* 80 Mo. 67; *McKleroy v. State,* 77 Ala. 95; *People v. Padillia,* 42 Cal. 535; Hughes on Instructions to Juries, sec. 187; *Hodges v. O'Brien,* 113 Wis. 97, 88 N. W. 901; *State v. Dudoussat,* 47 La. Ann. 977, 17 So. 685; *Richardson v. Coleman,* 131 Ind. 210, 31 Am. St. 429, 29 N. E. 909; *Sullivan v. State,* 52 Ind. 309; *State v. Moon,* 20 Ida. 202, Ann. Cas. 1913A, 724, 117 Pac. 757; *Fassinow v. State,* 89 Ind. 235, 237; *Randolph v. Lampkin,* 90 Ky. 551, 14 S. W. 538, 10 L. R. A. 87.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

It is not error to charge that the jury may disregard entirely the evidence of any witness whom they believe has sworn falsely in the case, unless the testimony of such witness is corroborated by other testimony, facts or circumstances in evidence and established to their satisfaction. (*State v. Meyers,* 59 Or. 537, 117 Pac. 818; *People v. Treadwell,* 69 Cal. 226, 10 Pac. 502; *Simpson v. Miller,* 57 Or. 61, Ann. Cas. 1912D, 1349, 110 Pac. 485, 29 L. R. A., N. S., 680; *People v. Luchetti,* 119 Cal. 501, 51 Pac. 707; *O'Rourke v. Vennekohl,* 104 Cal. 254, 37 Pac. 930.)

An instruction based on the maxim, *"Falsus in uno, falsus in omnibus,"* should be given only when warranted by the evidence. (16 C. J. 1017, sec. 2442.)

The giving of an erroneous instruction on a criminal trial is no ground for reversal where it could not in any manner prejudice the accused. (*State v. Watkins,* 7 Ida. 35, 59 Pac. 1106; *State v. Rice,* 7 Ida. 762, 66 Pac. 87; *State v. Marren,* 17 Ida. 766, 107 Pac. 993.)

All errors not prejudicial to the defendant in his substantial rights must be disregarded and prejudice must be affirmatively shown on appeal. (*Territory v. Neilson,* 2 Ida. 614, 23 Pac. 537; *Territory v. Evans,* 2 Ida. 651, 23 Pac. 232; *State v. Hurst,* 4 Ida. 345, 39 Pac. 554.)

An instruction on reasonable doubt should be addressed to the jury as a whole and not to each juror individually. (10 C. J. 1028, sec. 2462.)

It is not error to refuse an instruction which magnifies certain considerations in emphasizing the individual duty of each member of the panel. (16 C. J. 1029, sec. 2462; *People v. Rodley,* 131 Cal. 240, 63 Pac. 351; *State v. Rathbun,* 74 Conn. 524, 51 Atl. 540; *People v. Le Morte,* 289 Ill. 11, 124 N. E. 301; *People v. Lee,* 237 Ill. 272, 86 N. E. 573; *Addison v. People,* 193 Ill. 405, 62 N. E. 235.)

RICE, C. J.—Appellant was convicted of the crime of grand larceny. He specifies as error the refusal of the trial court to give the following requested instruction:

"A witness may be impeached by the party against whom he was called, in various ways:

"This may be done by the introduction of contradictory evidence of other witnesses; or by evidence showing that the general reputation of the witness for truth and veracity is bad; or by the fact of the witness having been convicted of a felony; or by evidence that the witness has made at other times statements inconsistent with the testimony given."

It was not error to refuse to give this instruction. The statements of principles of law therein contained are substantially correct; but the proposed instruction contains no information as to the rules of law which should govern the jury in its consideration of the testimony of a witness who has been impeached. It only contains statements of law which the court itself should observe when ruling upon the admissibility of evidence.

Appellant also specifies as error the refusal of the court to give the following requested instructions:

(No. 4) "Before a conviction can be had in a criminal case the evidence must show to a moral certainty and beyond all reasonable doubt the guilt of the defendant.

"A juror in a criminal case is not privileged to convict simply because he believes that there is a preponderance of

the evidence in favor of the theory of guilt. The individual juror in a criminal case should stand for acquittal, after the submission of the case, until he is satisfied by the arguments of his fellow-jurors and the full consideration of all the evidence, that the guilt of the defendant has been proved beyond a reasonable doubt.

"A verdict of [not] guilty means only that the guilt of the person on trial has not been proved under the rules governing the conduct of criminal trials."

(No. 5) "A juror who is not satisfied of the guilt of a defendant on trial beyond all reasonable doubt, should not assent to a verdict of guilty simply to save a mistrial or because a majority of the jurors are opposed to him in belief. Such juror should stand by his opinion until convinced by the arguments of his fellow-jurors or by a change in his own ideas and opinions that the defendant is guilty beyond a reasonable doubt."

The only portions of these requested instructions not sufficiently covered by those given by the court are the portions which advise each individual juror that he should not join in a verdict of guilty unless he is satisfied beyond a reasonable doubt of the guilt of the accused.

While the court, in its discretion, in some cases might properly give such instructions, its refusal so to do is not error. (*People v. Fisher,* 16 Cal. App. 271, 116 Pac. 688; *State v. Coleman,* 17 S. D. 594, 98 N. W. 175; *State v. Young,* 105 Mo. 634, 16 S. W. 408; *State v. Penney,* 113 Iowa, 691, 84 N. W. 509; *Ayers v. State,* 62 Fla. 14, 57 So. 349.) A juror must realize that his oath as a juror binds him individually, and that instructions addressed to the jury as a whole are addressed to him individually. (*State v. Howell,* 26 Mont. 3, 66 Pac. 291. Instructions calculated to place especial emphasis upon the duty of each individual as a juror to be convinced in his own mind before he agrees to a verdict are unnecessary and generally not to be commended. (*State v. Williams,* 13 Wash. 335, 43 Pac.

15; *State v. Robinson,* 12 Wash. 491, 41 Pac. 884; *Davis v. State,* 63 Ohio St. 173, 57 N. E. 1099.)

Appellant requested the court to give the following instruction: "Whenever it has been shown by the evidence to the satisfaction of the jury that a witness has wilfully sworn falsely in any material matter, the jury is privileged to reject the testimony of such witness except when corroborated by other and reliable evidence."

The court refused to give the instruction for the reason, as stated by his indorsement thereon, that it was embraced in another instruction given as follows: "You may disregard entirely the evidence of any witness whom you believe has sworn falsely in the case, unless the testimony of such witness is corroborated by other testimony, facts or circumstances in evidence and established to your satisfaction."

The instruction as given was insufficient in two particulars: First, it failed to require that the false testimony must be wilful or intentional; second, it contained no statement that the false testimony must relate to a material fact.

The authorities are practically unanimous in holding that both of these requirements are essential, except in jurisdictions where the rule has been modified by statute. (*Gottlieb v. Hartman,* 3 Colo. 53; *State v. Wofford,* 99 Miss. 759, 56 So. 162; *Childs v. State,* 76 Ala. 93; *Cahn v. Ladd,* 94 Wis. 134, 68 N. W. 652; *Cummins v. Cleveland etc. R. Co.,* 147 Ill. App. 291; *Moresi v. Swift,* 15 Nev. 215; *Simpson v. Miller,* 57 Or. 61, Ann. Cas. 1912D, 134, 110 Pac. 485, 29 L. R. A., N. S., 680; Blashfield's Instructions to Juries, vol. 1, secs. 383, 384; 16 C. J., p. 1017, sec. 2442; 14 R. C. L., p. 736, sec. 11.)

In jurisdictions where the rule is prescribed by statute, it is held that an instruction in the language of the statute is sufficient. (*Simpson v. Miller, supra; State v. Connors,* 37 Mont. 15, 94 Pac. 199; *People v. Dobbins,* 138 Cal. 694, 72 Pac. 339.)

Since this instruction purports to announce a rule of law. for the guidance of juries in considering the credibility of witnesses and the weight of testimony, it is important that it should be framed with accuracy and precision. The requested instruction is in substance the one generally approved by the courts where unaffected by statutory provision, and in our view correctly states the law. (*Pierce v. State,* 53 Ga. 369; *Titterington v. State,* 75 Neb. 153, 106 N. W. 421; *Bonnie v. Earll,* 12 Mont. 545, 29 Pac. 882.)

An instruction based on the maxim, *Falsus in uno, falsus in omnibus,* should be given only when warranted by the evidence adduced at the trial. (*Ingalls v. State,* 48 Wis. 647, 4 N. W. 785; *State v. Palmer,* 88 Mo. 568; *State v. McDevitt,* 69 Iowa, 549, 29 N. W. 459; *Sampson v. St. Louis, etc. Ry. Co.,* 156 Mo. App. 419; 138 S. W. 98; *White v. Maxcy,* 64 Mo. 552; *State v. Allen,* 111 La. 154, 35 So. 495; *Kay v. Noll,* 20 Neb. 380, 30 N. W. 269.)

It usually rests in the discretion of the trial court as to whether the instruction should or should not be given, since the trial court is in a much better position than the appellate court to determine whether or not the evidence requires such an instruction or whether or not it is appropriate that it be given. (*State v. Hickman,* 95 Mo. 322, 6 Am. St. 54, 8 S. W. 252.)

The only cases which have come to our attention directly holding that in no case can error be predicated upon the refusal of the court to give such an instruction are *State v. Banks,* 40 La. Ann. 736, 5 So. 18, and *James v. Mickey,* 26 S. C. 270, 2 S. E. 130.

We are of the opinion, however, that the refusal of such an instruction is reversible error when from the record it is clearly apparent that one or more witnesses have deliberately and wilfully given contradictory testimony as to a material fact, or there is a palpable and irreconcilable conflict between the evidence of different witnesses as to material matters. (*Plummer v. State,* 111 Ga. 839, 36 S. E. 233; *Merriweather v. Sayre Min. & Mfg. Co.,* 161 Ala.

441, 41 So. 916; *Titterington v. State, supra; Barber v. State,* 75 Neb. 543, 106 N. W. 423; *Owens v. State,* 80 Miss. 499, 32 So. 152; *State v. Dwire,* 25 Mo. 553.)

In the case at bar numerous witnesses testified on behalf of the state and of appellant, and there are direct, positive and irreconcilable conflicts in the evidence as to the essential and material facts involved in the action.

The refusal to give the requested instruction was error. (*State v. Waln,* 14 Ida. 1, 80 Pac. 221.)

The judgment is reversed and a new trial ordered.

Budge, McCarthy, Dunn and Lee, JJ., concur.