## PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. HAISLUP.

[No. 5,727.   Filed January 29, 1907.]

1.  PLEADING.—*Complaint.—Railroads.—Ejection of Passenger.*— A complaint showing that plaintiff was a passenger on defendant's train and that defendant's servants and agents wrongfully and purposely assaulted him and threw him off of the train, thereby inflicting injuries, states a cause of action. p. 395.

2.  APPEAL. — *Trial. — Judgment. — Doubtful upon the Merits.— Minor Errors.*—Where the judgment, on the merits, is extremely doubtful as to its justice, minor and ordinarily uninfluential errors may require a reversal.   p. 396.

3.  EVIDENCE.—*Res Gestae.—Rule.*—The rule of *res gestae* permits the introduction in evidence of all of the immediate circumstances, facts and declarations connected with and illustrative of a litigated fact.   p. 397.

4.  SAME.—*Res Gestae.—Declarations.*—Declarations made immediately after an injury by the injured party or other person present, asserting the circumstances of the event, are admissible as a part of the *res gestae.*   p. 397.

5.  SAME. — *Res Gestae. — Declarations. — Questions for Trial Courts.*—The question whether declarations are part of the *res gestae* is eminently one for the trial courts, and should be left with them exclusively.   p. 397.

6.  SAME.—*Res Gestae.—Declarations.*—Where the plaintiff was injured by a fall from a train, and after the train had run two car lengths the witness followed by the conductor ran back to the injured man, declarations by the plaintiff to the conductor as to the cause of his fall may be admitted as part of the *res gestae;* but the admission or rejection of such evidence would not be ground for reversal.   p. 398.

7.  TRIAL.—*Instructions.—Testimony.—Partly False.—Exclusion of All.*—An instruction that if a witness's testimony is partly false, the jury may exclude all unless corroborated by other evidence, is erroneous, such rule applying only where the witness knowingly or purposely testifies to something false. *Lemmon* v. *Moore*, 94 Ind. 40, distinguished.   p. 398.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by John B. Haislup against the Pittsburgh, Cin-'
cinnati, Chicago & St. Louis Railway Company. From a
judgment for plaintiff, defendant appeals. *Reversed.*

*M. Z. Stannard* and *Branigan & Williams,* for appel-
lant.

*A. N. Blessing, E. F. Barker* and *B. F. Watson,* for ap-
pellee.

Roby, J.—Action by appellee. The case was tried upon
the issue formed by a general denial to the second and
amended third paragraphs of complaint. The jury re-
turned a verdict for appellee for $5,000. Appellant's mo-
tion for a new trial was overruled, and judgment rendered
on the verdict.

It is averred in both paragraphs of the complaint
that defendant, on June 7, 1903, owned and operated a
railroad and was a common carrier of passengers;
1. that on said day plaintiff purchased a ticket en-
titling him to ride as a passenger from Edinburg
to Columbus and return, and boarded defendant's passen-
ger-train at Columbus to return to Edinburg, and, while
riding thereon, defendant, by its servants and agents,
wrongfully and purposely assaulted him, ejected him from
its car, and in so doing he was thrown from and run over
by said car, causing injuries, which are set out in detail.
The averments show him to have been a passenger on the
train and that he was ejected therefrom with unnecessary
force, to his injury, and both paragraphs are therefore
sufficient. *Baltimore, etc., R. Co.* v. *Norris* (1897), 17
Ind. App. 189.

In support of the assignment that the court erred in
overruling appellant's motion for a new trial, it is first
insisted that the verdict is not sustained by sufficient evi-
dence. There is evidence fairly establishing that an
assault was committed upon appellee by the conductor in
charge of said train; that he was ejected therefrom and
fell under the wheels of the car, thereby sustaining in-

juries, because of which it became necessary to amputate his left arm, which was subsequently done. There was evidence showing that his injuries were received by reason of his falling or stepping from the car, and that no assault was committed upon him.

The vital question of fact was whether he was pushed off of the train by appellant's conductor. If he was, the judgment is eminently just; if not, it is entirely unjust. There was direct testimony addressed to this fact and upon both sides. The conflict was a sharp one. There does not appear to have been any altercation between appellee and the conductor, or any other person, and motive for the alleged assault is absent. The evidence, while it is sufficient to sustain the verdict, is of such a nature as to render it extremely doubtful whether the verdict was right, and therefore errors which might otherwise be regarded as uninfluential, require a reversal. *City of LaFayette* v. *Ashby* (1893), 8 Ind. App. 214, 230.

John Duty, a witness introduced by appellee, testified, in part, that after appellee fell off of the train he (the witness) "rode on a piece, about the length of two cars, and got off and went back to him." In answer to the question: "How long a time elapsed from the time he fell off until you got back to him?" he answered: "Not over three or four minutes." He further stated that he got hold of the injured man by the shoulders and raised him up; that the conductor came back a couple of minutes after "I got to him, maybe a little longer;" that Haislup had not been moved from the place where he fell, and that the conductor said, " 'that's what you get for stepping off of the train backwards.' Haislup said, 'I did not step off the train backwards, you pushed me off,' " and that the conductor made no reply. Appellee testified: "I suppose that boxing on the car-wheel knocked me simple; I did not know anything."

The rule of *res gestae* is stated as follows: "The *res gestae* are the circumstances, facts and declarations which are connected with and illustrate a litigated fact. To admit declarations there must be a main and principal fact or transaction, and only such declarations are admissible as grow out of the principal transaction and tend to illustrate its character." Gillett, Indirect and Collat. Ev., §§238, 240, 242.

A standard author states: "The typical case presented is a statement or exclamation, by an injured person, immediately after the injury, declaring the circumstances of the injury, or by a person present at an affray, a railroad collision, or other exciting occasion, asserting the circumstances of it as observed by him." 3 Wigmore, Evidence, §1746. The general rule relative to the admission of evidence of this character has been frequently stated by the courts of this State. *Ohio, etc., R. Co.* v. *Stein* (1892), 133 Ind. 243, 247; *Louisville, etc., R. Co.* v. *Buck* (1888), 116 Ind. 566, 576; *Bolds* v. *Woods* (1894), 9 Ind. App. 657, 665.

In the application of this general rule there is the greatest difficulty. "There is a lamentable waste of time by supreme courts in here attempting either to create or to respect precedents. Instead of struggling weakly for the impossible, they should decisively insist that every case be treated upon its own circumstances. They should, if they are able, lift themselves sensibly to the even greater height of leaving the application of the principle absolutely to the determination of the trial court. Until such a beneficent result is reached, their lucubrations over the details of each case will continue to multiply the tedious reading of the profession." 3 Wigmore, Evidence, §1750; *O'Connor* v. *Chicago, etc., R. Co.* (1880), 27 Minn. 166, 173, 38 Am. Rep. 288; *Sullivan* v. *Oregon etc., R. Co.* (1885), 12 Ore. 392, 7 Pac. 508; *Hall* v. *State* (1872), 48 Ga. 607. What the law altogether mis-

trusts is not after-speech but after-thought. *Travelers Ins. Co.* v. *Sheppard* (1890), 85 Ga. 751, 775, 12 S. E. 18.

The evidence of the witness Duty is within the authority of the following cases: *Ohio, etc., R. Co. v. Stein, supra; Louisville, etc., R. Co.* v. *Buck, supra;* 6. *Louisville, etc., R. Co.* v. *Berry* (1891), 2 Ind. App. 427; *Cincinnati, etc., St. R. Co.* v. *Stahle* (1906), 37 Ind. App. 539; *Travelers Ins. Co.* v. *Mosley* (1869), 8 Wall. 397, 19 L. Ed. 437. The facts are on the borderland between *res gestae* and hearsay. Had the trial court excluded the evidence, we are not prepared to say that such ruling would have been erroneous. Being admitted, the presumptions require us to hold that there was no reversible error therein.

The tenth instruction given by the court was in terms as follows: "It is a rule of the law that where a witness swears falsely as to some material matter in a 7. cause, the jury are at liberty to disregard his testimony in other respects, unless corroborated by other satisfactory evidence. So, applying this rule to the case before you, I instruct you that if you believe that any witness has sworn falsely as to a material matter which affects the issues between the parties herein, then you are at liberty, and it is your right, to disregard the testimony of that witness in other respects, unless he is corroborated by other satisfactory evidence." This instruction was erroneous. It, in effect, told the jury that if any witness had sworn falsely as to one material fact in the case, even though he might have done so through inadvertence or mistake, it was at liberty to disregard his entire testimony, unless corroborated by other satisfactory evidence. Such testimony would be competent to consider as bearing upon the credibility of the witness, but the court may not instruct the jury, as was done, unless such false testimony is found to have been given knowingly and intentionally. *Cahn* v. *Ladd* (1896), 94 Wis. 134,

68 N. W. 652; *Little* v. *Superior, etc., R. Co.* (1894), 88 Wis. 402, 60 N. W. 705; *McPherrin* v. *Jones* (1895), 5 N. Dak. 261, 65 N. W. 685; *Singer Mfg. Co.* v. *Cramer* (1901), 109 Fed. 652; *Stoppert* v. *Nierle* (1895), 45 Neb. 105, 63 N. W. 382; *Omaha, etc., R. Co.* v. *Krayenbuhl* (1896), 48 Neb. 553, 67 N. W. 447; *Holdrege* v. *Watson* (1901), 1 Neb. (unofficial) 687, 96 N. W. 67; *State* v. *Littlejohn* (1890), 33 S. C. 599, 11 S. E. 638; *Skipper* v. *State* (1877), 59 Ga. 63; *Childs* v. *State* (1884), 76 Ala. 93; *Iron Mountain Bank* v. *Murdock* (1876), 62 Mo. 70; *White* v. *State* (1876), 52 Miss. 216; *State* v. *Elkins* (1876), 63 Mo. 159; *Freeman* v. *Easly* (1886), 117 Ill. 317, 7 N. E. 656; Blashfield, Instructions to Juries, §254. Appellee defends the instruction upon the authority of *Lemmon* v. *Moore* (1884), 94 Ind. 40. The instruction considered in that case stated that if "any witness has sworn falsely and purposely." The refusal of the court to give such instruction was sustained upon the ground that it did not refer to the materiality of the testimony. The case is not an authority in support of an instruction which wholly omits the element of wilful intent, because of which only it is allowable.

The judgment is reversed, and the cause remanded with instructions to sustain appellant's motion for a new trial, and for further consistent proceedings.