Consumers Co. *v.* Ruble—69 Ind. App. 617.

# CONSUMERS COMPANY *v.* RUBLE.

[No. 9,757. Filed March 25, 1919.]

1. PLEADING.—*Amended Complaint.—Motion to Strike Out.—Statute.*—In view of §403 Burns 1914, §394 R. S. 1881, providing that a complaint may be amended without leave at any time before answer, it is not error to overrule a motion to strike out an amendment to a complaint, where defendant fails to aver in its motion that the amendment was made after the answer was filed. p. 620.

2. MOTIONS.—*Construction on Appeal.*—As against the action of the trial court, motions and pleadings must on appeal be construed most strongly against the proposers thereof. p. 620.

3. APPEAL.—*Review.—Ruling on Motion to Strike Out.—Findings of Fact.—Conclusiveness.*—Even though a motion to strike out an amendment to a complaint and the affidavit in support of such motion show that the amendment was made after answer, and without leave, where the affidavit and plaintiff's counter affidavit present an issue of fact for the trial court, its decision thereon is not subject to review on appeal. p. 620.

4. NEW TRIAL.—*Grounds.—Failure to Object.*—Defendant's motion for new trial on the ground that it was deceived and misled by alleged misconduct of plaintiff's counsel in failing to mail its attorneys a correct copy of the amended complaint was properly overruled, where, upon learning of such deception before verdict, defendant failed to move to discharge the jury and for a continuance. p. 620.

5. TRIAL.—*Separation of Witnesses.—Discretion of Court.*—A separation of witnesses at the trial of a cause is required neither by statute nor by common law, but is a matter within the sound discretion of the court. p. 621.

6. TRIAL.—*Separation of Witnesses.—Discretion of Court.*—In an action for personal injuries, the court did not abuse its discretion in denying a motion to separate the witnesses, where the trial occurred in midwinter, and the court's action was based on the fact that no room or place was provided for witnesses. p. 621.

7. EVIDENCE.—*Judicial Notice.—Rising and Setting of Sun.—Almanac.—Competency.*—In an action for personal injuries the admission in evidence of an almanac to show the time the sun set on the day plaintiff was injured was not error, since the courts take judicial notice of the time of the rising and setting of the sun on a given day, and an almanac may be used for the purpose of refreshing the memory of the court and jury. p. 621.

8. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—
In an action for personal injuries error, if any, in the admission in
evidence of an almanac to show the time of sunset on the day
plaintiff was injured in order to prove that it was dark when the
accident occurred, was harmless where there was no contradiction
of that fact. p. 622.

9. MASTER AND SERVANT.—*Injuries to Servant.—Evidence.—Custom
of Master in Doing Work.—Admissibility.*—In a servant's action
against the master for personal injuries sustained in falling upon
a cake of ice, it was proper for the trial court to exclude evidence
that the master's custom in the harvesting of ice in former years
was the same as at the time of injury, since such custom may
always have been improper. p. 622.

10. APPEAL. — *Review. — Verdict. — Answers to Interrogatories.*—
Where the jury's answers to interrogatories are consistent with
the general verdict, it will be upheld if sustained by the evidence,
even though the answers are contrary to uncontradicted evi-
dence. p. 622.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action by Byron B. Ruble against the Consumers
Company. From a judgment for plaintiff, the de-
fendant appeals. *Affirmed.*

*McKinley, Hansen & Schmauch* and *W. W.
Schmauch,* for appellant.

*Otto J. Bruce* and *W. Vincent Youkey,* for appellee.

REMY, J.—This is an action to recover damages for
personal injuries sustained by appellee while in the
employ of appellant company, and alleged to have
been caused by appellant's negligence in failing to
provide appellee a safe means of exit from his place
of work, in consequence of which he stumbled over,
and fell upon, a cake of ice while he was upon, and
about to leave, appellant's premises. The case was
tried on an amended complaint of one paragraph.
Issues were joined by appellant's answer in denial,
and a trial by jury resulted in a verdict for appellee.
After verdict appellant filed a motion, with support-

ing affidavit, to strike out a part of the complaint. This motion was overruled, as was a motion for a new trial. These rulings of the court are the only assigned errors.

The motion to strike out sets forth that on May 21, 1915, the day when the amended complaint was filed, an attorney for appellee mailed to attorneys for appellant a copy thereof; that neither the original amended complaint at the time it was filed, nor the copy thereof mailed to appellant's counsel, contained the words, "and the said company then and there had in its employ more than ten men engaged in such employment"; that the amended complaint was thereafter altered by the insertion of said words without leave of the court, and without notice; that appellant's counsel filed answer and entered upon the trial of the cause without any knowledge that the amended complaint had been so altered; that the first intimation of such alteration came to appellant's counsel when the court instructed the jury as to the nature of the action; and that appellant's rights were greatly prejudiced by the alteration of the complaint, for the reason that the theory of the complaint was thereby changed from an action at common law to an action under the Employers' Liability Act, Acts 1911 p. 145, §8020a <em>et seq.</em> Burns' Supp. 1918. In opposition to appellant's motion to strike out, appellee filed a counter affidavit stating in substance that the original amended complaint, when filed, contained the words sought to be stricken out; that no alteration in the complaint had been made; that by inadvertence the words complained of were omitted from the copy mailed to counsel for appellant; but that appellant's counsel knew, or ought to have known, that the com-

plaint contained such allegation, because with the copy of the amended complaint delivered to them through the mails were certain interrogatories, answers to which were to be filed with appellant's answer, one of said interrogatories calling for the number of appellant's employes.

It will be seen that appellant did not aver in its motion to strike out that the alleged alteration or amendment of the complaint was made after answer was filed. A complaint may be amended without leave at any time before it is answered. §403 Burns 1914, §344 R. S. 1881; *Frankel* v. *Garrard* (1903), 160 Ind. 209, 66 N. E. 687. As against the action of the trial court, motions, as well as pleadings, strictly so called, must on appeal be construed most strongly against the proposers thereof. *Chicago, etc., R. Co.* v. *Kreig* (1899), 22 Ind. App. 393, 53 N. E. 1033. The trial court did not err in overruling the motion to strike out. If the motion and supportive affidavit had affirmatively shown the alteration to have been made after answer, and without leave, our conclusion would have been the same, for the affidavit and counter affidavit would have presented an issue of fact for the trial court, the decision of which is not subject to review on appeal. *Schnurr* v. *Stults* (1889), 119 Ind. 429, 21 N. E. 1089.

Appellant seeks to present as a reason for a new trial the same question raised by the motion to strike out. It is charged that appellant was deceived and misled, and prevented from having a fair trial, because of the alleged misconduct of appellee's counsel as set forth in the motion to strike out. Unfortunately for appellant, timely objection

was not interposed. When appellant first learned that it had been misled by the conduct of appellee's counsel, which it admits was before verdict was returned, it should have moved to discharge the jury, and for a continuance. Parties must deal fairly with the court. They are not permitted to withhold information of matters transpiring during the progress of the trial, and after the trial has concluded make such matters a basis for a new trial. *Coleman* v. *State* (1887), 111 Ind. 563, 13 N. E. 100.

The reasons for a new trial which are based on exceptions reserved, and which are properly presented, are: (1) The overruling of a motion to separate witnesses; (2) rulings as to the admission and rejection of certain evidence; and (3) that the verdict is not sustained by sufficient evidence.

A separation of witnesses is not required by statute, nor by any rule of common law. It is a matter within the sound jurisdiction of the court. *Coolman* v. *State* (1904), 163 Ind. 503, 72 N. E. 568. In the case at bar the motion to separate the witnesses was denied for the reason, as stated by the court, that there was "no room or place provided for witnesses; they would have to stand in the corridor." The record shows the trial to have occurred in midwinter. Consideration for the health and comfort of witnesses may have influenced the court in denying the motion. There was no abuse of the court's discretion.

It is contended by appellant that the court erred in admitting in evidence an almanac to show the time the sun set on the day appellee received the injuries of which he complained. Since courts will take judicial notice of the time of the rising

and setting of the sun on a given day, it is not error for the court to admit in evidence an almanac for the purpose of refreshing the memory of the court and jury. *Montenes* v. *Metropolitan St. R. Co.* (1902), 78 N. Y. Supp. 1059, 77 App. Div. 493. If the admission of the almanac had been erroneous, it

8. would have been harmless. The purpose of showing the time of the sunset was to prove that at the time appellee was injured the day was growing dark, as to which fact there is no contradiction in the evidence.

Objection is made to the ruling of the court in rejecting evidence as to the custom of appellant in the harvesting of ice in previous years, the pur-

9. pose being to show that the work at the time appellee was injured was being done in the same way. There was no error in the court's ruling. The question asked did not call for the custom and usages of the trade generally, but for appellant's custom, which may at all times have been improper.

Answers to interrogatories were returned with the general verdict, and are admitted by appellant to be consistent therewith; but it is claimed that

10. these answers are contrary to the uncontradicted evidence, and from this it is argued that the general verdict must be overthrown. Such is not the law. The answers being consistent with the general verdict, the same will be upheld if the general verdict is sustained by the evidence. *Staser* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911, 22 N. E. 990. We have carefully examined the evidence, and find that there is evidence to sustain the verdict on each material issue.

Affirmed.

McMahan, J., absent.