HARDY ET AL. *v.* TOWN OF NEW HARMONY, INDIANA, ET AL.

[No. 31,158. Filed July 10, 1967. Rehearing denied August 1, 1967.]

*Ralph L. Schuler,* of Poseyville, for appellants.

*K. Richard Hawley* and *Clements, McClellan & Hawley,* both of Mt. Vernon, for appellees.

MOTE, J.—This appeal was originally filed in the Appellate Court and was transferred to this Court, pursuant to the provisions of the 1967 Acts of the General Assembly, Chapter 357.

We are here involved with the proposed construction of a sanitary sewer system in the Town of New Harmony in Posey County, Indiana. The record indicates that following the provisions of applicable statutes, the Board of Trustees of the Town of New Harmony adopted a resolution to provide for the construction of a sanitary sewer in the said Town and to finance the same by the sale of revenue bonds.

Under the terms of § 5, Ch. 61 of the 1932 Acts of the General Assembly (first session), as amended by § 1, Ch. 187 of the 1933 Acts of the General Assembly and § 1, Ch. 121 of the 1957 Acts of the General Assembly, being found in Burns' Anno. Stat., 1963 Repl. § 48-4305, the Appellants, as petitioners, filed with the Board of said Town their duly verified petition in several counterparts protesting and objecting to the action taken by the Appellees in adopting ordinances directing and ordering the construction of the proposed sewer and disposal system for the following reasons:

1. Said improvement is not required by public needs;
2. The cost of the proposed improvement would be excessive considering the value of the service to be rendered to the community; and
3. The proposed sewer system and disposal plant has not been fairly or properly explained to the property owners of the Town and that the property owners have not had an opportunity to express their considered opinion on the project.

This petition was filed July 14, 1966, within twenty days after the final passage of the ordinance. Thereafter on July 18, 1966, Appellees, despite the objections above set forth, determined by resolution to proceed with the construction of the facility and directed that the Clerk-Treasurer file the necessary ordinances and resolutions with the Clerk of the Posey Circuit Court to cause a hearing to be had on the petition filed, which action was taken on July 19, 1966.

On the issues thus presented, a hearing was held before the Honorable Addison M. Beavers, as Special Judge of the Posey Circuit Court, without the intervention of a jury. At the conclusion of the trial, the court found against the petitioners (Appellants herein) and in favor of Appellees, entering judgment accordingly.

Appellants assign as error herein the overruling of their Motion for a New Trial and attempt to present also the three objections above set forth in their petition of protest.

Appellants assert that the decision of the trial court is not sustained by sufficient evidence. It seems almost unecessary to state that the decision and judgment of the trial court, being negative in character, presents no question. The authorities are almost limitless in support of this proposition. *Hinds, Executor* v. *McNair, et al* (1955), 235 Ind. 34, 129 N. E. 2d 553.

As to Appellants second contention that the decision is contrary to law, it seems obvious that this Court will not determine that a decision of a trial court is contrary to law if indeed there is substantial probative evidence to sustain the decision.

Appellants set forth in their brief their interpretation of the evidence by various witnesses. Appellants only witness, Ralph Hardy, testified he agreed that the sewer project was a needed project. Appellees set forth in their brief certain pertinent testimony which is designed to meet the asserted objections of Appellants. Dr. Harold E. Ropp testified that the sewer system was needed for the Town and the present system of cesspools, septic tanks and open ditches constituted a health hazard to the citizens of the Town. Harold M. Owen testified that the sewer system was needed because of the stink in the Town caused by the cesspools overflowing, gasing and upheaving. Louis H. Stallings testified that he had detected strong odors and soap suds in the open ditches of the Town. Orel H. Hert testified that a sewer system and sewage treatment works was necessary. Charles Thompson testified that a sanitary sewer system was needed. John B. Elliott explained the public need for a sewer in order to attract potential tourism.

From the above, it would appear that there was ample evidence of a substantial, probative character to support the decision of the trial court, not to mention the legitimate inferences which properly might be drawn therefrom. Hence, Appellants have failed to meet the burden of demonstrating

error in respect to their assertions concerning the judgment being contrary to law.

Appellants give but a very limited space to their contention concerning the excessive cost of the proposed improvement to the Town. It seems appropriate to state that Appellants had the burden of producing competent, suitable and substantial evidence in the trial court to sustain the objection. The only witness for the Appellants, Ralph Hardy, testified that he understood the cost of the project would be $450,000.00 and that he considered the cost of the proposed improvement would be excessive to him and to most of the residents, although it would be beneficial to the individuals operating businesses in the Town. He further testified that he had seen overflow from septic tanks coming out of the ground when the river was high and that the people of the Town had been misled into thinking that Federal aid would be available before the sanitary system was put through.

It seems to us that there is a complete lack of testimony or legitimate inferences therefrom which would support the objections and in this respect, Appellants have failed to demonstrate error. While Appellants have made general comments and criticisms in their brief with respect to the evidence, they are more in the nature of observations instead of contentions supported by authorities. Therefore, we are not impressed with Appellants' asserted contentions or with the authorities which they cite in their brief.

Judgment is affirmed.

Hunter, C. J. and Arterburn, J., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 228 N. E. 2d 689.