OTHO L. BOOHER *v.* ALHOM, INC.

[No. 1-872A39.   Filed May 14, 1973.]

*John R. Hammond, Larry S. Pugh, John R. Cromer, Hammond and Pugh,* of Indianapolis, for appellant.

*Jim A. O'Neal, Ice Miller Donadio and Ryan,* of Indianapolis, *Robert M. Gholston, Acher and Gholston,* of Franklin, for appellee.

LYBROOK, J.—Booher brought an action to recover damages for personal injuries, allegedly caused by Alhom's negligence. The jury returned a verdict in favor of Alhom and Booher appeals.

Issues presented for review are:

(1) Did the trial court err in allowing a defense witness to testify following an order for separation of witnesses?

(2) Did the trial court err in refusing to permit plaintiff to testify concerning remarks by defendant's agent, which appellant claims were a part of the res gestae?

(3) Was the verdict supported by sufficient evidence?

(4) Were the damages inadequate?

(5) Did the trial court err in giving and refusing certain instructions?

The evidence showed that on October 22, 1969, Booher was President of a construction firm which was engaged in building an apartment complex in southwestern Marion County, Indiana. On that day, 16 patio doors which had been ordered from Alhom, were delivered by a truck driver, Carl Reigenour, an Alhom agent and employee. The doors, which weighed about 90 pounds each, were stacked in the truck, standing vertically, leaning against the side of the truck and secured by straps.

Booher testified that when the truck driver arrived at the construction site, he asked Booher for some help in unloading. In response to a question by Booher, the driver replied, " 'Well, you're not gonna be lifting any of these, you're too old, you could get in there and stay them while I take them off the truck.' " Alhom denies that Booher was asked to help.

Booher got up on the truck to steady the doors while they were being unloaded. After two of them were removed, Booher discovered that the remaining doors were leaning toward him and he called for help. Booher attempted to hold

the doors upright, but they fell against him, pinning him to the opposite side of the truck.

Booher alleged that he sustained certain personal injuries, loss of wages, and incurred hospital and medical bills as a proximate result of Alhom's negligence.

The evidence also showed that Booher suffered from a pre-existing arthritic condition and that his alleged wage loss was a result of his voluntary retirement. The evidence showed that Booher was 67 years of age and that after the accident, the corporation stopped paying his salary, but doubled his wife's salary as an employee of the company. Booher, his wife, and his son were the sole stock holders of the corporation. He accepted social security benefits three or four months after the injury.

The first issue raised concerns an alleged violation of an order separating the witnesses. Alhom had moved for separation of witnesses at the commencement of the trial. Mr. Leroy Schultz, an officer of the defendant corporation, was at the counsel table the first day of trial. On the second day, Schultz did not appear and Carl Reigenour, defendant's truck driver, sat at the counsel table as the corporation's representative.

Appellant objected to the substitution of Reigenour for Schultz because he knew that Reigenour was to testify. The objection was overruled and Reigenour was permitted to remain in the courtroom. When defendant called Reigenour as a witness, Booher renewed his prior objection which was in part as follows:

> "Upon entering the court this morning, we find that there is no corporate officer and that the Defendant's truck driver, who would be an interested witness, who will be testifying in defendant's behalf, is present in the court room and we'd like to make an objection to his sitting in the court room listening to other testimony if he intends to testify."

The objection was again overruled. We cannot say as a matter of law that the trial judge abused his discretion in permitting Reigenour to testify.

It has long been the law in Indiana that separation of witnesses is a matter within the discretion of the trial court and such rulings will not be disturbed unless there is a manifest abuse of discretion. *Dudley* v. *State* (1970), 255 Ind. 176, 263 N.E.2d 161. See also, *Consumers Co.* v. *Ruble* (1919), 69 Ind. App. 617, 122 N.E. 607.

Reigenour was apparently the only corporate employee with first hand knowledge of this incident. Permitting Reigenour to remain in the court room and later testify, even though there was an order for separation of witnesses, was not an abuse of discretion. See *Cincinnati, etc. R. Co.* v. *Little, Admr.* (1921), 190 Ind. 662, 131 N.E. 762 and *The Indianapolis Cabinet Company* v. *Herrman* (1893), 7 Ind. App. 462, 34 N.E. 579.

Booher next complains about the exclusion of testimony he offered as to alleged remarks made by Reigenour. He maintains these statements were admissible under the res gestae exception to the Hearsay Rule.

However, he has waived any alleged error by failure to make an offer to prove. Although TR. 43(C) appears to be permissive, and not mandatory, we are bound by the holding of the Supreme Court in *Lipner* v. *Lipner* (1971), 256 Ind. 151, 267 N.E.2d 393, wherein the court said:

". . . the appellant failed to make any offer to prove which is required when an objection is sustained to a question asked on direct examination. See T.R. Rule 43(C). This requirement was also in effect prior to the present rule. See Isenhour v. Speece (1958), 238 Ind. 293, 150 N.E.2d 749; Kavanagh v. Butorac (1966), 140 Ind. App. 139, 9 Ind. Dec. 538, 221 N.E.2d 824."

In the case at bar, even if Booher had preserved this alleged error, the trial court was within the proper bounds of his discretion in excluding the statements, due to the time lapse between the incident and the alleged statements.

Plaintiff was rendered unconscious and did not recall how long he remained so. During this interim, however, sufficient

time elapsed for the driver and plaintiff's employees to remove the doors from Booher, call the Fire Department from a telephone 100 yards away and for his son and a Deputy Sheriff to arrive upon the scene.

Under these circumstances, the trial judge did not abuse his discretion in excluding the testimony. In *Kreuger* v. *Neumann* (1958), 129 Ind. App. 300, 154 N.E.2d 741, the court said:

> "Indiana is firmly committed to the rule that the admission of evidence coming within the res gestae rule is peculiarly within the discretion of the trial court. *Pittsburgh, etc., R. Co.* v. *Haislup* (1907), 39 Ind. App. 394, 79 N.E. 1035; *Cincinnati, etc., R. Co.* v. *Gross* (1917), 186 Ind. 471, 114 N.E. 962; *Kelley* v. *Dickerson* (1938), 213 Ind. 624, 13 N.E.2d 535."

Appellant's third contention of error is that the verdict for the defendant was not supported by sufficient evidence. The jury's verdict is negative in character and therefore appellant presents nothing for consideration on appeal, under this specification. *Hardy et al.* v. *Town of New Harmony, Indiana, et al.* (1967), 248 Ind. 350, 227 N.E.2d 689.

Even in the absence of the above rule, appellant cannot prevail. Conflicting inferences could properly have been drawn concerning both defendant's alleged negligence and plaintiff's alleged contributory negligence. Resolving these conflicts was within the sole province of the jury.

Since there was sufficient evidence to support the jury's verdict for defendant and since the jury so found, the question of adequacy of damages requires no discussion.

We turn now to the errors claimed by appellant in instructing the jury. Appellant first complains of the failure to give his tendered instruction 5, which reads:

> "A person either expressly or impliedly inviting another to come upon his premises is charged with the legal duty of exercising reasonable care in providing reasonably safe premises for such person while on said premises, and the

failure on the part of such owner to exercise such care is negligence.

Therefore, if you find from a fair preponderance of the evidence in this case that the plaintiff was invited upon the premises of the defendant and did come thereupon, and the defendant failed to exercise reasonable care in providing for his safety, and that by reason thereof plaintiff was injured while thereupon, without fault on his part, then and under such circumstances your verdict may be for the plaintiff."

However, appellant's instruction 4, which was given, adequately instructed the jury on this subject. It reads:

"I instruct you that under the law the owner of property who invites or engages some other person to do some work or act in respect to such property, assumes the duty to warn such persons of any danger or peril in the doing of such work or act which such owner knows of or ought as a reasonably prudent and careful person to know of, and of which the person invited to engage to do such' work or act is not aware, or should not in the exercise of reasonable care be aware.

"If the owner negligently permits a dangerous condition to exist with respect to such property and the other person thereby proximately receives an injury while doing the work or act which he has been invited or engaged to do and without contribtuory negligence on his part, then and under such circumstances the owner may be held responsible for such injury."

Therefore, it was proper for the court to refuse appellant's instruction 5. As the court said in *Lolla* v. *State* (1973), 260 Ind. 221, 294 N.E.2d 798:

". . . it is well settled in Indiana that the refusal or failure to give an instruction is not grounds for reversal if the substance is covered by other instructions."

Appellant also maintains as error the failure to give his tendered instruction 8, which reads:

"If continued exposure to a known risk of injury is due to a lack of reasonable opportunity to escape after the danger is appreciated, or if continuance of exposure to the danger is the result of influence, circumstances, or surroundings which are a real inducement to continue, the doctrine of assumed risk does not apply."

Appellant's instruction 4 and appellee's instruction 5, which were given, adequately apply the law of assumed risk, including the requirement of voluntariness, to this case. Therefore, the failure to give plaintiff's No. 8 was not error, per *Lolla, supra.*

Appellant further complains of the failure to give his tendered instruction 7, which reads:

"Where there is no knowledge, actual or constructive, of the danger or peril on the part of a plaintiff, he cannot be charged with contributory negligence."

This instruction fails to deal with the plaintiff's duty to use reasonable care to discover danger or peril for himself and therefore was correctly refused.

Appellant next contends error in the giving of defendant's instruction 1. The instruction and the objection thereto, read:

INSTRUCTION:
"You are instructed that in determining whether the defendant, Alhom, was negligent in the way they shipped the doors you may consider whether a *reasonably prudent* manufacturer and shipper in the position of the defendant under the same or similar circumstances would have done what the defendant, Alhom, did.

Mr. Booher may not recover against the defendant for negligence in the method of shipping which was used unless he proves by a preponderance of the evidence that the defendant failed to do what a *reasonably prudent* manufacturer and shipper would have done in placing and positioning the doors under the same or similar circumstances." (Our emphasis.)

OBJECTION
"The plaintiff will object to the giving of defendant's Instruction No. 1, in that it is misleading. That it is leading the jurors to believe that this is the only allegation of negligence upon which the plaintiff can recover. There is more in the evidence than the fact that there may have just been negligence shiping [sic] in the—of the doors."

Appellant argues that the above instruction "gave the jury the impression that so long as Defendant-Appellee used the manner of shipping used by other manufacturers, that

this would not be considered negligent." This is obviously not what the instruction says. It is framed in terms of the "reasonably prudent manufacturer and shipper" and correctly states the law as it applies to this case.

Appellant further maintains that the instruction was erroneous because it led the jury to "believe that if the plaintiff did not prove that the doors were improperly shipped, the plaintiff could not recover."

This argument must fail because the instructions as a whole, some of them tendered by the plaintiff, informed the jury of several alternative theories of negligence, under which Booher could recover.

Appellant also complains of defendant's instruction 7, which with the objection thereto, reads:

INSTRUCTION:

"The mere fact that Mr. Booher was asked to come upon the truck to assist, if you so find, does not in itself, make the defendant negligent. The burden rests upon Mr. Booher to prove that the defendant had failed to exercise reasonable care in loading or unloading the truck and that Mr. Booher was injured because of such lack of reasonable care."

OBJECTION:

"The plaintiff would object to Instruction No. 7 in that again it is misleading, having the jury to believe that this is the only allegation of negligence or the only allegation upon which the plaintiff can recover and it would be a question of fact to the jury as to whether or not this would be negligence."

Appellant argues that this instruction leads the jury to believe that this is the only allegation of negligence on the part of Alhom. He also argues that the instruction is misleading.

This instruction did no more than place the burden of proving negligence on the plaintiff. It is an accurate statement of the law.

Appellee's instruction 1, *supra*, deals with negligence as applied to the manner of shipping. Appellee's instruction 7

deals with negligence as applied to loading and unloading. We cannot fathom appellant's argument that each of these suggest a sole and exclusive theory of negligence, when it is patent that each instruction deals with a separate and distinct theory.

Appellant next maintains error in the giving of defendant's instruction 2, which together with the objection thereto, reads:

INSTRUCTION:

"If you find from a preponderance of the evidence that Mr. Booher failed to make such efforts to escape from the falling doors as a reasonable prudent person in his position would have made, and that instead he tried to hold the doors up when a reasonably prudent person in his position would not have done so, then you may find he was negligent. If you further find from a preponderance of the evidence that such negligence proximately contributed to his injuries, then your verdict may be in favor of the defendant."

OBJECTION:

"The plaintiff would object to Instruction No. 2 tendered by the Defendants for the further reason that Instruction 2 is misleading. That this goes beyond the scope of the evidence in that there was no opportunity shown for the defendant [sic] to have the opportunity to escape the falling doors."

Appellant argues that this instruction interjected an element into the case upon which there was no evidence. In fact, there was testimony that there was empty space between the doors and the side of the truck. Booher also testified that approximately three seconds elapsed after Reigenour took the second door out and before the doors fell on him. He further testified that he attempted to hold the doors, after they started falling.

The jury could have drawn an inference that he had an opportunity to extricate himself from the danger and failed to do so. There was no error in giving this instruction.

Appellant next objects to the giving of defendant's instruction 3, which, with the objection thereto, reads:

INSTRUCTION:

"Mr. Booher was under a duty to keep a reasonable lookout for the possibility of the doors starting to fall, if you find

that a reasonably prudent person would have done so under all the attending circumstances. If Mr. Booher failed to keep such a lookout and was injured as a proximate result thereof, then Mr. Booher may not recover."

OBJECTION:
"The plaintiff would object to the giving of Instruction No. 3 in that this is not a correct statement of the law. Mr. Booher had no duty to foresee the possibility of the doors starting to fall."

Booher was required by law to keep a reasonable lookout for possible danger to himself and to act as a reasonably prudent man. The instruction correctly stated his duty and was not erroneous.

Appellant next maintains error in the giving of defendant's instruction 5, which, with the objection thereto, reads:

INSTRUCTION:
"If a person knows of a danger arising from the act or omission of another and appreciates the risk therefrom, he cannot recover for injuries proximately resulting from that danger if he voluntarily exposed himself to the dangerous condition.

Accordingly, if you find by a preponderance of the evidence that Mr. Booher knew and understood the danger, if any, in attempting to hold the doors steady, and yet voluntarily did so, then you may find for the Defendant if Mr. Booher's injuries proximately resulted from such danger."

OBJECTION:
"The plaintiff would object to the giving of Instruction No. 5 in that it too is misleading. It would lead the jury to believe that the Plaintiff, Otho Booher, knew that there would be some danger and still voluntarily got on the truck, that he would be contributorily negligent. The law applies only to obvious and open dangers and quite possibly Mr. Booher would not have had the duty to find dangers which were not open and obvious."

Appellant argues that this instruction led the jury to believe he knew of danger but nevertheless negligently entered the truck. The instruction is predicated upon its opening phrase, *"If* a person knows of a danger . . ."* (Emphasis added.) Appellant's criticism of it is not well taken. The

instruction is based upon the condition that appellant had prior knowledge of the danger and it is neither misleading nor improper.

Appellant objects to defendant's instruction 6, which reads:

"If you find Mr. Booher voluntarily and knowingly placed himself in the truck in a place where there was an unreasonable risk of the doors falling over on him, and that he was injured as a proximate consequence thereof, your verdict may be for the defendant."

Appellant argues that the above instruction is repetitious and that the same objections he made to defendant's instruction 5 apply.

While 5 and 6 each discuss assumption of the risk, 5 seeks to apply this principle to the specific risk involved in holding the doors steady, while 6 applies to the general risk of Booher being in the truck. These instructions were not repetitious and each was properly given.

Appellant also alleges error in the giving of defendant's instruction 11 which reads:

"In determining whether the defendant was negligent in the manner of stacking and delivery of doors and in respect to the people employed for such work you may consider, among other things, the custom and practice of this industry.
That is, if you find that the defendant's methods were consistent with the accepted procedures and customs in this industry, then such facts may be considered as evidence of reasonable care on the part of the defendant."

Appellant argues that the above instruction was repetitious of defendant's instruction 1. This opinion has already become unduly long. However, this court has a duty to discuss each of appellant's objections, regardless of their merit. This instruction was not repetitious, but was intended to inform the jury of the well established principle that they *may consider* evidence of custom and usage of a given industry in determining what is negligent conduct. Instruction No. 1, on the other hand, deals with the standard of a reasonably prudent manufacturer and shipper.

Appellant *finally* complains of defendant's instruction 12, which, with the objection thereto, reads:

INSTRUCTION:

"If you find that both the plaintiff and defendant were negligent, then the plaintiff, Mr. Booher, cannot recover if his negligence proximately contributed to his injuries. You should not attempt to weigh or compare who was the most negligent.

If you find any negligence on the part of Mr. Booher which proximately contributed to his injuries then you may find for the defendant."

OBJECTION:

"The plaintiff would object to the giving of Defendant's Instruction No. 12 in that it is an instruction on comparative negligence. Indiana does not have comparative negligence and therefore any instruction thereon is error."

Again, we cannot fathom appellant's argument that this instruction allows the jury to compare the negligence of the parties. The instruction explicitly states, "You should not attempt to weigh or compare who was the most negligent." The instruction correctly informed the jury that Indiana does not permit comparison of negligence.

Appellant has failed to establish any reversible error. Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 295 N.E.2d 841.