FERMON L. BROWN, JAMES AVERY GILES *v.* STATE OF INDIANA.

[No. 1-975A155. Filed March 6, 1976.]

*Phillip W. Brown* of Shelbyville and *William F. Marshall* of Columbus for appellant.

*Theodore Sendak,* Attorney General, *K. Richard Payne,* Deputy Attorney General for appellee.

ROBERTSON, C.J.—Fermon L. Brown and James Avery Giles, defendants-appellant, (Defendants), were convicted by a jury of theft (unauthorized control over property of the owner) and now bring this appeal.

We affirm.

On June 14, 1974, David Watson (Watson), owner of Watson Tire Service, was in his office when he observed a van-type truck containing two people stop in front of his place of business. One of the persons entered the showroom while Watson was engaged in a telephone conversation. When Watson heard a scuffling sound, he looked into the showroom and observed through the front windows one of the defendants go by the side of the truck, the side doors open and close, and the defendant return to the showroom. Watson testified that as he reached the front of the showroom, the defendant was throwing a second load of tires into the truck. He testified that he saw Brown throw eight to twelve tires into the truck before he (Watson) ran to the rear of his business and instructed employees to call the police. When Watson ran back to the front of the building, he saw tires strewn inside and outside the building.

Watson was unable to detain the defendants; they fled in the truck with Watson in pursuit in his vehicle. There were no tires in the truck when it was abandoned at the end of a chase. The defendants were ultimately apprehended.

While Watson was engaged in the chase and capture, Montgomery, one of his employees, stacked, in two stacks of five each, the tires that had been strewn in and about the doorway.

Upon his return Watson marked each of the ten tires with a yellow marker to distinguish them from other tires in the

showroom. Later they were put on a rack in the display area and retained in that manner until transported to court.

Defendants first allegation of error is the admission into evidence over objections a photograph of the marked tires and the marked tires themselves. It is contended that the State did not introduce sufficient evidence to establish a link between the exhibits and the defendants in that the tires stacked by Montgomery were not positively identified as those placed in the defendant's truck.

Defendants seem to rely upon *Martin* v. *State* (1974), 262 Ind. 232, 314 N.E.2d 60, and *Graham* v. *State* (1970), 253 Ind. 525, 255 N.E.2d 652, for the proposition that the evidence is inadmissible if the chain of possession is not established by the State. However, the chain of possession need be shown only from the time the State receives an exhibit. *Smith* v. *State* (1974), 160 Ind. App. 622, 312 N.E.2d 896; *Zupp* v. *State* (1972), 258 Ind. 625, 283 N.E.2d 540. Finding that the testimony of Watson and Montgomery provides a sufficient link between the tires and the defendants, we conclude that neither the photograph nor the tires were erroneously admitted into evidence.

Error is alleged in the trial court's excusing and excluding, a defense witness from further testimony at a time when defendants had questions to ask that witness. Defendants repeatedly attempted to elicit testimony from witness Ralph Lisby that he, independently of the defendants and at various times, had committed theft of tires from Watson. Objections to the questions as irrelevant were repeatedly sustained even after defendants made their offer to prove that he had so been engaged and after the court had ruled the testimony inadmissible. Upon an admission by defense counsel that it did not know what Lisby's testimony would be, the trial judge (out of the presence of the jury) concluded that the defense was on a fishing expedition. Lisby was excused over the protests of defense counsel that it had further questions of the witness regarding other matters.

Considering the repetitive nature of the dialogue preceding the excusal of the witness, the excusal was not unreasonable. If, indeed, there were further questions to be put to Lisby regarding additional matters not ruled upon by the court, it was incumbent upon the defense to make another offer to prove, as to those additional matters, Ind. Rules of Procedure, Trial Rule 43(C). Without an offer to prove, this court is unable to determine if the additional testimony was improperly excluded. The error, if any, must therefore be deemed waived. *Booher* v. *Alhom, Inc.* (1973), 156 Ind. App. 192, 295 N.E.2d 841; *In re Estate of Parrish* (1973), 155 Ind. App. 367, 293 N.E.2d 62.

It is next alleged that the trial court erred in refusing defendant's tendered instructions #4 and #8. Instruction #4 reads as follows:

> "You are instructed that an attempt to commit a crime is defined as an act done in part execution of a criminal design, amounting to more than mere preparation, but falling short of actual consumation, and possessing, except for failure to consumate, all the elements of the substantive crime. You are further instructed that in the State of Indiana there is no crime of attempted theft."

The standard of review to be applied when there is a challenge to a refusal of a tendered instruction was set forth in *Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E.2d 387.

> "A trial court refusal to grant tendered instructions will be reversed only if, considering the evidence in the case, the substance of the instruction was required to be given and was not adequately covered by other instructions actually given by the trial court."

We are not persuaded that the substance of this instruction was required to be given. On the contrary, considering the wording of the theft statute, the primary result of such an instruction to the jury might well be confusion.

Defendant's tendered instruction #8 states:

> "Your (sic) are further instructed by the Court that flight by a person or persons immediately after an occurrence

which gives rise to a criminal charge, which is merely a reaction of fear and apprehension for their own safety, is not a circumstance which creates any inference whatsoever."

Relying upon *Frasier* v. *State* (1974), 262 Ind. 59, 312 N.E.2d 77 at 82, defendants assert that the above instruction is a proper statement of the law in Indiana. We are of the opinion that the defendants have misapprehended *Frasier, supra*. The Indiana Supreme Court was not approving or disapproving generally a particular instruction concerning flight. Rather, the Court was saying that an instruction on a certain theory must conform to the issues and the evidence of the case.

Defendant's instruction #8 is not an accurate statement of the law in Indiana. Flight *alone* is not sufficient to establish the necessary element of intent, but flight, *when combined with other circumstantial evidence,* may sustain a finding of that intent. *Long* v. *State* (1975), 166 Ind. App. 282, 335 N.E.2d 631; *Sargent* v. *State* (1973), 156 Ind. App. 469, 297 N.E.2d 459.

In any event, the trial court's final instruction #7 instructed the jury concerning circumstantial evidence. That the trial court chose to instruct on circumstantial evidence as a whole instead of treating pieces of circumstantial evidence separately we do not perceive as being improper.

Finding no reversible error, we affirm.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 343 N.E.2d 790.