P-M GAS & WASH COMPANY, INC., AN INDIANA CORPORATION *v.* RONALD
SMITH b/n/f CLARA SMITH AND RICHARD SMITH

[No. 2-1275A357. Filed December 7, 1978. Rehearing denied January 10, 1979.
Transfer denied June 27, 1979.]

*James J. Stewart, Richard S. Ewing, Stewart, Irwin, Gilliom, Fuller & Meyer*, of Indianapolis, for appellants.

*Daniel F. Cummings, Marcus C. Emery, Cummings & Emery*, of Indianapolis, for appellees.

SULLIVAN, J. — This is a premises liability case in which Ronald Smith, by next friends Clara and Richard Smith, sought damages from P-M Gas & Wash Company, Inc. (P-M) for injuries allegedly sustained when the ten-year-old child's foot was caught in P-M's car wash conveyor mechanism. The jury returned a verdict in P-M's favor, but the trial court granted Smith's Motion to Correct Errors and order a new trial. P-M appealed this ruling and Smith cross-appealed. This court sustained P-M's motion to dismiss the cross-appeal for failure to comply with Ind. Rules of Procedure, Trial Rule 59(D). *P-M Gas & Wash Co., Inc. v. Smith* (1976), Ind.App. 352 N.E.2d 91. That decision was reversed by the Supreme Court and the case remanded to this court with directions to determine the cross-appeal on its merits. *P-M Gas & Wash Co., Inc. v. Smith* (1978), 268 Ind. 297, 375 N.E.2d 592.

The trial judge ordered a new trial because his instruction regarding P-M's standard of care was erroneous. The instruction stated:

"Custom in a trade or business establishes the standard of care for those engaged in such trade or business, and one cannot be held negligent for failure to do more than the fair average of those engaged in similar trade or business."

It can hardly be supposed that "custom in a trade or business

*establishes* the standard of care for those engaged in such trade or business." (Emphasis supplied). Indeed, there is but one standard of care in negligence cases — that of reasonable care under the circumstances. While custom is evidence which may be considered by the trier of fact in determining what is or is not negligent conduct, *Booher v. Alhom, Inc.* (1973), 156 Ind.App. 192, 295 N.E.2d 841, 849, we have noted that care should be taken to distinguish between the evidentiary use of custom and its use to establish a standard of care. *Walters v. Kellam & Foley* (1977), 172 Ind.App. 207, 360 N.E.2d 199, 214. In *Walters* we quoted an oft-cited statement by Justices Holmes in *Texas & Pacific Ry. Co. v. Behymer* (1903), 189 U.S. 468, 23 S.Ct. 622, 623:

" 'What is usually done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it is usually complied with or not.' " 360 N.E.2d at 214.

Therefore, we hold that the instruction was an incorrect statement of the law.

P-M has advanced two arguments why the erroneous instruction should not be cause for a new trial. First, it is argued that the trial court should have granted P-M's Motion for Judgment on the Evidence at the close of all the evidence. Ind. Rules of Procedure, Trial Rule 50. Second, it is argued that any error occasioned by the instruction was harmless.

P-M contends that plaintiff was a "mere licensee" to whom was owed the duty only to refrain from willful and wanton conduct. P-M argues that because there was no evidence of any conduct which could be characterized as willful and wanton, it was entitled to a directed verdict.

Judgment on the evidence is appropriate only where "there is a lack of reasonable evidence of probative value upon one or more of the factual issues necessary to support a verdict, and there is no reasonable inference that can be drawn from such evidence in favor of the plaintiff." *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701, 707. The evidence must be viewed in the light most favorable to the non-moving party, *Meadowlark Farms, Inc. v. Warken* (1978), 176 Ind.App. 437, 376 N.E.2d 122, 128, and if there is any evidence

of probative value or reasonable inference therefrom tending to support the plaintiff's claim, or if the evidence is conflicting such that reasonable minds might differ as to the conclusion to be drawn therefrom, judgment on the evidence is improper. *Allison v. Huber, Hunt & Nichols, Inc.* (1977), 173 Ind.App. 41, 362 N.E.2d 193, 195. Thus, judgment on the evidence is proper only where the evidence is without conflict and is susceptible to but one inference in favor of the moving party. *Mamula v. Ford Motor Co.* (1971), 150 Ind.App. 179, 275 N.E.2d 849, 852.

In *Swanson v. Shroat* (1976), 169 Ind.App. 80, 345 N.E.2d 872, this court thoroughly examined the rules of premises liability and concluded that ordinarily, possessors of land are not liable for injuries to licenses in the absence of "positive wrongful acts" or "willful and wanton conduct." However, *Swanson* also noted that certain exceptions have been carved into this rigid common-law rule, most notably with respect to child licensees who may not appreciate the risks which inhere in a particular condition upon the land:

> "The circumstances under which a premises owner may be held liable for injuries sustained by a licensee, whether adult or child, are clearly and concisely set forth in the Restatement of Torts, 2d, § 342, which was quoted with approval in *Wozniczka v. McKean* [(1969), 144 Ind.App. 471, 247 N.E.2d 215, 223]. That section reads as follows:
>
> '342. Dangerous Conditions Known to Possessor.
>
> A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
>
> (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
>
> (b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>
> (c) the licensees do not know or have reason to know of the condition and the risk involved.'
>
> "The comments to § 342 provide a coherent guide for its application without the confusing terminology which has prevailed in Indiana cases over the past 90 years. Comment (b) to that section is particularly helpful here. It reads:

'b. If the licensees are adults, the fact that the condition is obvious is usually sufficient to apprise them, as fully as the possessor, of the full extent of the risk involved in it.

On the other hand, the possessor should realize that the fact that a dangerous condition is open to the perception of child licensees may not be enough to entitle him to assume that they will appreciate the full extent of the risk involved therein.' " 345 N.E.2d at 878-879.

The evidence most favorable to the plaintiffs here reveals facts which arguably support each element of their claim as set forth in the Restatement.

Ronald Smith and three friends went to the car-wash in order to obtain free balloons, a favor purportedly given away during P-M's "grand opening." After acquiring some ballons, the boys went next door and filled them with water. They returned to P-M's car-wash and began throwing the water-filled ballons. They complied with a car-wash employee's order to stop and went to the car-wash exit to watch the cars being washed. As Smith was standing near the exit, he placed his foot on the sheltering rim of the conveyor mechanism. His shoelace dangled into the conveyor chain, which was not visible from above, and his foot was pulled into the conveyor mechanism, causing injury.

Further, the then-manager of the car-wash, Lester Bibelhauser, testified that his training included warnings to be wary of children and "not to have them hanging around." He was aware that children came upon the premises, both on foot and riding bicycles.

Almost every aspect of the above-described evidence was vigorously disputed by P-M. P-M denied the balloons were being distributed at the time of Smith's injury because the grand opening was not to be held for several months. Further, there was testimony that the boys were ordered off the premises immediately upon discovery and that they in fact left the premises. About ten minutes later, Smith's foot was caught in the conveyor mechanism. There was also evidence that Smith was attempting to ride the roller mechanism when the accident occurred.

Given this state of evidence, we cannot say, as a matter of law, that the evidence is susceptible of but one inference or conclusion in favor of P-M. Nor can we say, as a matter of law, that there is a total lack of evidence upon one or more of the factual issues necessary to support

a verdict under the Restatement of Torts, 2d § 342, *supra*. Because the evidence was conflicting and reasonable minds might differ as to the conclusion to be drawn therefrom, judgment on the evidence was properly denied.

P-M next argues that the erroneous instruction was harmless error, "since the verdict despite the instruction could not have been different even under proper instruction." (Appellant's Reply Brief, p. 7). We do not agree. It must be assumed that an instruction which misstates the applicable law has influenced the result "unless it appears from the evidence or the record that the verdict under proper instruction could not have been different." *Birdsong v. ITT Continental Baking Co.* (1974), 160 Ind.App. 411, 312 N.E.2d 104, 107.

The evidence of Smith's conduct was conflicting and thus, subject to varying characterizations. Because the jury returned a general verdict for P-M, it is impossible to determine whether Smith was found contributorily negligence or P-M was found to have measured up to the standard of care erroneously "established" by custom. Thus, we cannot say, as a matter of law, that the result would have been the same had the jury been properly instructed. Neither could the trial court engage in such speculation. Accordingly, we hold that the erroneous instruction constitutes prejudicial error, which was properly corrected by the trial court in ordering a new trial.

Because of our disposition of this appeal, we deem it unnecessary to review Smith's assignment of cross-errors.

The order for new trial is affirmed.

Shields, J. concurs.

Buchanan, C.J. concurs with opinion.

## CONCURRING OPINION

BUCHANAN, C.J. — I concur in the result only in this case for the reasons stated in my concurring opinion in *Swanson v. Shroat* (1976), 169 Ind.App. 80, 345 N.E.2d 872. The majority opinion repeats what I consider a subtle transition from established Indiana Law of non-host liability to a negligence standard (i.e., § 342 of the Restatement (2d) of Torts) . . . a

transition which is not sanctioned by the Supreme Court of this state. See authorities discussed in *Fort Wayne National Bank v. Doctor* (1971), 149 Ind.App. 365, 272 N.E.2d 876.

NOTE—Reported at 383 N.E.2d 357.