**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KEVIN WILD**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARRYLL BEAMON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1312-CR-632 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Barbara Cook-Crawford, Judge
Cause No. 49F09-1309-FD-19671

**August 21, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Darryll Beaman[1] appeals his conviction for Class D felony theft. We reverse and remand.

## Issue

Beaman raises one issue, which we restate as whether the evidence is sufficient to sustain his theft conviction.

## Facts

On March 24, 2013, Delano Boling was working at the Deals store in Lawrence when he saw Beaman put "something in his pocket" and noticed that Beaman had "Benadryl or somethin' like that" in his other hand. Tr. p. 15. As he walked to the next aisle, Boling lost sight of Beaman, but then he saw Beaman walking toward the front door of the store. Boling yelled for the store's manager, and Beaman started running out the door. Beaman did not have anything in his hands as he left the store. The manager called the police, and they watched Beaman run toward a nearby field. Police officers arrived quickly. Sergeant Tracy Easterday of the Lawrence Police Department noticed Beaman walk out from behind a nearby warehouse. Beaman saw Sergeant Easterday and quickly moved back behind the warehouse. When Sergeant Easterday yelled for Beaman to stop, he started running. Beaman was soon apprehended, but he did not have any merchandise from the store in his possession. The officers were unable to locate any merchandise in the field or warehouse area either.

---

[1] Although the defendant's name is spelled Beamon on the transcript and caption, he points out that his name is actually spelled Beaman.

2

The State charged Beaman with Class D felony theft, Class A misdemeanor resisting law enforcement, and alleged that he was an habitual offender. Specifically with respect to the theft charge, the State alleged that Beaman knowingly exerted unauthorized control over Benadryl owned by Deals with the intent to deprive Deals of any part of its value or use. After a bench trial, Beaman was found guilty as charged. The trial court sentenced him to 365 days for the theft conviction enhanced by 545 days for the habitual offender finding and a concurrent sentence of 365 days for resisting law enforcement. The trial court ordered Beaman to serve 730 days of the sentence in community corrections work release and 180 days suspended to probation. Beaman now appeals.

**Analysis**

Beaman argues that the evidence is insufficient to sustain his conviction for Class D felony theft.[2] When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

At the time of Beaman's offense, Indiana Code Section 35-43-4-2(a) provided that: "A person who knowingly or intentionally exerts unauthorized control over property

---

[2] Beaman does not appeal his conviction for Class A misdemeanor resisting law enforcement.

3

of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D felony." According to Beaman, there was no evidence presented that he exerted unauthorized control over the store's property. Beaman points out that he was not seen leaving the store with any property, he did not have any such property in his possession when he was arrested, and the officers failed to locate any of the store's property in the area where he was arrested. Beaman argues that evidence of his flight from the scene is not sufficient to sustain the theft conviction. The State responds that flight can be considered in determining a person's guilt. According to the State, Beaman's flight from the store and from the officers combined with his actions in the store support an inference that he took Benadryl from the store.

We acknowledge that "[f]light and related conduct may be considered by a jury in determining a defendant's guilt." Dill v. State, 741 N.E.2d 1230, 1232 (Ind. 2001). However, "[f]light alone is not sufficient to establish the necessary element of intent, but flight, when combined with other circumstantial evidence, may sustain a finding of that intent." Brown v. State, 168 Ind. App. 440, 444, 343 N.E.2d 790, 792 (1976). Consequently, evidence of Beaman's flight, without other circumstantial evidence, is insufficient to sustain his conviction. The only other evidence presented by the State was that Beaman was seen in the store putting "something in his pocket" and holding "Benadryl or somethin' like that" in his other hand. Tr. p. 15. However, Beaman was not seen leaving the store with any merchandise, there was no testimony regarding any missing merchandise, Beaman did not have any merchandise in his possession when he was arrested, and the officers were unable to locate any merchandise in the area where

4

Beaman was found. There is simply no evidence that Beaman exerted unauthorized control over the store's property. "A reasonable inference of guilt must be more than a mere suspicion, conjecture, conclusion, guess, opportunity, or scintilla." Meehan v. State, 7 N.E.3d 255, 257 (Ind. 2014). It was mere suspicion that Beaman took Benadryl from the store. As a result, we conclude that the evidence is insufficient to sustain Beaman's conviction for Class D felony theft.

## Conclusion

The evidence is insufficient to sustain Beaman's conviction for theft. As a result, the habitual offender finding cannot stand. We reverse and remand for resentencing on Beaman's conviction for resisting law enforcement.

Reversed and remanded.

BRADFORD, J., and BROWN, J., concur.